## COOPER v. THE STATE.

| | |
|---|---|
| 103 | 405 |
| 109 | 109 |
| 103 | 405 |
| 113 | 690 |
| f113 | 934 |
| 113 | 935 |
| 113 | 936 |
| 103 | 405 |
| 115 | 428 |
| 103 | 405 |
| 117 | 883 |
| 103 | 405 |
| 124 | 652 |

1. The effect of the passage of the act of December 16, 1897 (Acts 1897, p. 484), amending the act creating the city court of Gwinnett, and locating that court in the city of Lawrenceville, was to change the character of that court; and from the date of the passage of this act it became a city court within the meaning of that phrase as it is used in the constitution.
2. The act establishing the city court of Gwinnett declaring that the county solicitor provided for in that act shall "represent the State in all cases in said city court in which the State shall be a party, and shall perform therein such other duties as usually appertained to the office of solicitor-general, as far as the same are applicable," service of a bill of exceptions sued out to bring a case to this court must be had upon such county solicitor; and when it appears that the only service had is upon the solicitor-general of the circuit, the writ of error will be dismissed.

Argued February 7, — Decided February 28, 1898.

Motion to dismiss writ of error.

*John R. Cooper* and *N. L. Hutchins Jr.*, for plaintiff in error.
*F. F. Juhan, solicitor,* contra.

COBB, J. Cooper was indicted for the offense of assault and battery, by the grand jury of Gwinnett county. The indictment was transferred to the city court of Gwinnett for trial. Upon the trial in the latter court on the 13th day of December, 1897, he was found guilty of a battery. On December 14, 1897, he filed his motion for a new trial, which was by consent set for a hearing on the 27th day of December. On the latter

day an order was passed overruling the motion for a new trial. On the same day he tendered his bill of exceptions to the presiding judge, and upon the same being certified, service was had upon the solicitor-general of the circuit. When the case was called in this court, a motion was made to dismiss the writ of error, on the ground that there had been no legal service of the bill of exceptions; that service should have been had upon the solicitor provided for in the act establishing the city court of Gwinnett, and not upon the solicitor-general of the circuit.

Two questions are presented for adjudication by the record before us: First, has this court jurisdiction of the writ of error from the city court of Gwinnett? Second, if such jurisdiction exists, then upon whom should service of such writ of error be made? The city court of Gwinnett was established by an act approved December 14, 1895 (Acts 1895, p. 384), the first section of the act declaring that "the city court of Gwinnett is hereby established and created with civil and criminal jurisdiction over the whole county of Gwinnett, this act to take effect on the passage thereof." It was provided in this act that "a writ of error shall be directed from said city court to the Supreme Court of this State, upon a bill of exceptions filed under the same rules and regulations as govern and control the issue of writs of error and filing of bills of exceptions in the superior courts of this State." Also, that "the judge of said city court shall have power to grant a new trial in any case, civil or criminal, in his court, upon the same terms and conditions and under the same laws and regulations in every respect governing the granting of new trials in the superior courts. All rules of pleading, practice, and procedure governing motions, rules nisi, and other proceedings in new trials in the superior courts shall apply to and govern the same in said city court." This act not in terms establishing a city court in a city, the court thereby created was not one from which a writ of error would lie to this court, nor was it a court authorized by law to grant new trials. Civil Code, §§ 5836, 5847; *Stewart* v. *State*, 98 *Ga.* 202; *Western Union Tel. Co.* v. *Jackson*, 98 *Ga.* 207.

By an act approved December 16, 1897, the first section of

the act creating the city court of Gwinnett was amended, so as to make it read as follows: "A city court is hereby established and created to be located in the city of Lawrenceville, with civil and criminal jurisdiction over the whole county of Gwinnett, this act to take effect on the passage thereof." Acts 1897, p. 484. The effect of this act was to establish a court in a city, and therefore from the date of its passage the city court of Gwinnett became a city court within the meaning of the term as it is used in the constitution. It follows therefore that the court existing now by virtue of the act of December 16, 1897, is a court in its character essentially different from the court which existed under the original act of December 14, 1895. The court created under the act of 1895 not being a constitutional city court, the provision in that act for a writ of error to this court, and for the procedure to be followed in cases of motions for new trials, was inoperative, such court having no authority to grant new trials, or to certify bills of exception as writs of error. As by the amendment of 1897 the character of this court was entirely changed and it became a court from which a writ of error would, under the provisions of the constitution, lie to this court, or in which a new trial could be granted, it becomes necessary to determine whether or not there is in existence any established procedure which would enable parties to apply for new trials in that court, or to sue out writs of error to this court. Sections 31 and 32 of the act of 1895, above quoted, were, as has been seen, inoperative, because there was nothing in the jurisdiction of the court created by that act for these sections to operate upon; but when the act of 1897 was passed and the character of the court entirely changed, and its jurisdiction enlarged, the inoperative sections of the previous act thereby became operative, and provided a method for doing that which could not be done before.

Under this view, the city court of Gwinnett now has the authority to grant new trials in the manner prescribed in the act of 1895, and a writ of error to this court may be sued out under its provisions. This being true, on December 27, 1897, when the bill of exceptions in this case was certified, this court had jurisdiction of the writ of error from that court, and such

writ of error will not be dismissed for want of jurisdiction, notwithstanding the fact that the case which appears in the record brought up by this writ of error is a case which should have been dismissed by the court below for want of jurisdiction in that court. The accused having been tried before the act of 1897, and the rule nisi on the motion for a new trial having been granted before the passage of such act, the motion and rule nisi was an absolute nullity, and should have been so regarded in the court below, and the judgment of the judge of the city court, entered before the passage of the act of 1897, refusing a new trial, was proper, because there was legally no motion for a new trial pending; and this court would affirm his judgment, because the proper result was reached by the refusal of a new trial, although that result should have been reached in another way, that is, by dismissing the motion for a new trial for want of jurisdiction in the court. The bill of exceptions having been sued out at a time when the judge of that court had a right to certify a bill of exceptions as the foundation of a writ of error to this court, the question is presented: Upon whom should such bill of exceptions have been served?

The act establishing the city court of Gwinnett provides for "a county solicitor for said court" to be appointed by the Governor. It declares it to be the duty of such solicitor "to represent the State in all cases in said city court in which the State shall be a party, and shall perform such other duties as usually appertained to the office of solicitor-general, as far as the same are applicable." The fees to be received by the county solicitor are the same as those provided by law for similar services rendered by solicitors-general. In the absence or inability of the county solicitor, a competent attorney is to be appointed as county solicitor pro tem. While the act does not in terms provide that the county solicitor shall represent the State in cases brought from that court to this court, neither does it provide that such cases shall be represented here by the solicitor-general of the circuit. It seems to be clear that the legislature intended that the cases in the city court of Gwinnett in which the State shall be a party should be managed and controlled

by the county solicitor; and as under the amendment of 1897 a writ of error may be sued out to this court, it would seem to follow that it was the duty of the county solicitor to represent the State in this court in cases brought from that court. Especially is this true, when there is no general law of force requiring the solicitor-general of the circuit to represent cases brought to this court from city courts established pursuant to the constitution, and the only cases in which the solicitor-general of the circuit is required to represent the State in such cases are those provided for in local acts, where such solicitor is ex-officio the solicitor of the city court.

It being the duty of the county solicitor to represent the case in this court, he was the officer to be notified of the fact that the case was to be brought to this court. Therefore service of the bill of exceptions should have been had upon him, and service upon the solicitor-general was without authority.

*Writ of error dismissed. All the Justices concurring.*