FAMBROUGH *v.* THE STATE.

1. The city court of Griffin being a court from which writs of error lie direct to the Supreme Court, and the act establishing the city court creating the office of solicitor thereof, and providing in effect that he shall represent the State in all criminal cases prosecuted in that court, it is his duty to represent the State in the Supreme Court in criminal cases brought there from the city court. The case of *Cooper* v. *State*, 103 *Ga.* 405, upon a review thereof, is affirmed.
2. An accusation charging that the accused falsely represented that another had promised to pay for goods sold and delivered to the former is not supported by proof showing merely that the accused falsely represented that another had promised to become security for the payment of the goods.

Argued June 17, — Decided July 20, 1901.

Accusation of cheating and swindling.    Before Judge Hammond. City court of Griffin.    April 11, 1901.

*Thomas W. Thurman,* for plaintiff in error.
*O. H. P. Slaton,* contra.

COBB, J.    An accusation brought in the city court of Griffin charged that Fambrough, the accused, procured from Sears certain articles of merchandise by falsely representing to him that another person had promised to pay for the goods.    The proof showed that Sears furnished the goods to the accused upon his representation that the person referred to had promised that he would "stand security" for the goods.    The accused was convicted, and his motion for a new trial, based on the general grounds only, having been overruled, he excepted.

1. The bill of exceptions in the present case was served upon the solicitor of the city court of Griffin and the solicitor-general of the Flint circuit.    Both of these officers appeared at the bar of this

court and announced themselves ready to represent the State in the case. The solicitor-general has filed a formal application, praying that the clerk of this court be required to issue to him the certificate of appearance in the case, in order that he may receive the fee for representing the State in this court. The city court of Griffin was established by an act approved December 14, 1897. Acts 1897, p. 462. In the act it was provided that writs of error from the city court should lie direct to the Supreme Court. The act further provided for the appointment of a solicitor of the court, and declared in effect that it should be his duty to represent the State in all criminal cases prosecuted in the city court. While the act does not expressly declare that the solicitor shall represent the State in the Supreme Court in criminal cases brought here from the city court, it is clear that such was the intention of the General Assembly, as the act does not provide that the State shall be represented in such cases by the solicitor-general of the circuit. *Cooper* v. *State*, 103 *Ga.* 405. The case cited is directly in point, and is controlling on the question. The solicitor-general was granted permission to review this decision and he requested that the same be overruled. We are, however, after due reflection, entirely satisfied with this decision, and must therefore affirm the same. The solicitor-general contended that it was his duty, under the constitution, to represent the State in this court; that instrument providing that " it shall be the duty of the solicitor-general to represent the State in all cases in the superior courts of his circuit, and in all cases taken up from his circuit to the Supreme Court, and to perform such other services as shall be required of him by law." Civil Code, § 5862. As this was a case "taken up from his circuit to the Supreme Court," he claims that it was his constitutional duty to appear here and represent the State. We do not think that the provision of the constitution makes it the duty of the solicitor-general to represent the State in any case in this court unless it is a case which the constitution requires him to prosecute in the trial court; and certainly it is not the duty of the solicitor-general, under the constitution, to appear in this court and represent the State in a case brought from a city court embraced within the territory of his circuit, when there is not only nothing in the statute creating the city court requiring him to do so, but, on the other hand, the statute expressly provides for the appointment of an officer

whose duty it shall be to represent the State in the city court, and therefore by a necessary inference it is the duty of that officer to represent the State in this court in cases prosecuted in his court, as was held in the *Cooper* case. The application of the solicitor-general must be denied.

2. The State must prove every offense substantially as laid in the indictment or accusation. There was a fatal variance between the accusation and the proof in this case. There is a substantial difference between promising to pay for an article and promising to pay in the event somebody else fails to do so. It is the difference between making a debt of your own and promising to become responsible for somebody else's debt. In the present case the representations of the accused were based on supposed verbal promises. He offered no writing to corroborate his statement. If he had actually stated to the seller of the merchandise that another person had promised to pay for the goods, then the seller would have been defrauded; for this would have been a promise which, if made, would have been enforceable against the promisor. But the representation which the accused actually made to the seller could not, in legal contemplation, have deceived him, for the promisor would not be bound thereby under the statute of frauds. The promise laid in the accusation could in law amount to a deception; the promise shown by the proof could not. We think, therefore, that the variance between the allegation and the proof was substantial, and that the accused is entitled to a new trial.

*Judgment reversed. All the Justices concurring.*