### BALDWIN v. THE STATE.

This being a prosecution under the Penal Code, § 114, and the evidence not being sufficient to authorize a finding that the child was left in a destitute condition, it was error not to grant a new trial.

Submitted July 23,—Decided August 11, 1903.

Accusation of abandoning child.    Before Judge Reece.    City court of Floyd county.    July 2, 1903.

*H. F. Sharp* and *Halsted Smith*, for plaintiff in error.
*Moses Wright, solicitor-general*, contra.

Cobb, J.  The accused was placed on trial upon an accusation based on the Penal Code, § 114, which provides for the punishment of any father who wilfully and voluntarily abandons his child, leaving it in a dependent and destitute condition.  The evidence shows that the abandonment began before the child was born.  If an abandonment having such a beginning is completed after the child is born, there may be a prosecution under the section cited, if the other elements of the offense are present.  See *Bull* v. *State*, 80 *Ga.* 704.  There was ample evidence to authorize the jury to find that the child was dependent upon its mother and grandfather from the moment of its birth.  The evidence did not show that the child had ever been destitute.  The mother testified that the child always had plenty to eat and plenty to wear, that it had never wanted for anything, and never would as long as she was able to work, and that her father helped her to take care of the child.  The grandfather testified that he was not willing to support his daughter and her child, but on cross-examination said that the child had never wanted for anything and never would as long as he was able to work, that it had plenty of food and clothing and plenty of everything, that in fact it never wanted for anything.  Under this evidence the jury were not authorized to find that the child was destitute.  See *Dalton* v. *State*, 118 *Ga.* 196, and cases cited.

                    *Judgment reversed.    By five Justices.*