## WILLIAMS *v.* THE STATE.

1. It is the duty of the solicitor-general of the Atlanta circuit to represent the State in the Supreme Court in a case pending there on a writ of error from the superior court of Fulton county, in which error is assigned upon the refusal of the judge of the superior court to sanction a petition for a certiorari, to be directed to the criminal court of Atlanta.
2. To warrant a conviction under the Penal Code, § 114, the child must be, not only dependent, but in a destitute condition.

Argued October 20, — Decided November 11, 1904.

Accusation of abandonment of child.　Before Judge Lumpkin. Fulton superior court.　September 12, 1904.

*Moore & Moore,* for plaintiff in error.
*C. D. Hill, solicitor-general,* contra.

COBB, J.　The accused was tried and convicted, in the criminal court of Atlanta, for the offense of abandonment of his children, leaving them in a dependent and destitute condition.　He made application to the judge of the superior court for a writ of certiorari.　The judge refused to sanction the petition, and to this judgment the accused accepted.

1. When this case was called for argument in the Supreme Court, the solicitor-general of the Atlanta circuit and the solicitor of the criminal court of Atlanta each appeared at the bar of the court and expressed his willingness to undertake to represent the State in the case.　The constitution imposes upon the solicitor-general the burden of representing the State in all cases taken up from his circuit to the Supreme Court.　Civil Code, § 5862.　It is clear that if the judge had sanctioned the petition for certiorari, it would have been the duty of the solicitor-general to have represented the State in the case in the Supreme Court, and we think that the case as presented here is a case taken up from the

circuit within the meaning of the constitution, and that therefore it was his duty to represent the State in this court. In *Fambrough's* case, 113 *Ga.* 934, it was held that it was the duty of the solicitor of the city court of Griffin to represent the State in a case brought to this court on a writ of error to the city court of Griffin; the act establishing the city court of Griffin in effect providing that the solicitor of that court should represent the State in such cases. It was there held that a case reaching the Supreme Court in this manner was not a case taken up from the circuit of the solicitor-general in the sense of the constitution; but where a case reaches the superior court, or is passed upon in any way by the judge of that court, and it is his decision that is under review, the case taken to the Supreme Court is one taken up from the circuit of the solicitor-general within the meaning of the constitution.

2. In order to make out the offense of abandonment, under the Penal Code, § 114, it is necessary to show that the father left the child, not only in a dependent, but in a destitute condition. *Dalton* v. *State*, 118 *Ga.* 196; *Baldwin* v. *State*, 118 *Ga.* 328. There was no evidence that at the time of the desertion the children's mother was not able to and did not in fact maintain them. Hence there was no evidence that they were left in a destitute condition. *Baldwin* v. *State*, supra. Even if the testimony of the police officer, that "in July" he found very little provisions in the house, was sufficient to show destitution at that time, it does not appear in what year this was. It may have been in 1904 after the accusation was found, or it may have been more than two years before.

*Judgment reversed. All the Justices concur.*