### 249.  JOHNSON *v.* THE STATE.

Where the solicitor of a city court is by law designated and required to represent the State in the Supreme Court, in all writs of error from said city court, and the copy bill of exceptions is not served upon such solicitor (unless service be acknowledged and copy waived by him), the writ of error will be dismissed.

Accusation, from city court of Nashville.

Motion to dismiss the writ of error.

Submitted March 20,—Decided March 22, 1907.

*Hendricks, Smith & Christian,* for plaintiff in error.

*J. H. Gary, solicitor, W. D. Buie,* contra.

RUSSELL, J.  In this case a motion is made to dismiss the writ of error, upon the ground that the bill of exceptions was never served upon the solicitor of the city court of Nashville.  It appears that W. D. Buie acknowledged service on the bill of exceptions, on February 14, 1907, as solicitor of the city court of Nashville.  But the allegation of the sworn motion to dismiss, that J. H. Gary was qualified as solicitor of the city court of Nashville on January 1, 1907, is undisputed; and furthermore this court judicially knows the fact.  Gary therefore, and not Buie, was solicitor of the city court of Nashville on February 14, when the bill of exceptions was certified.  The act creating the city court of Nashville provides for a solicitor of that court, and that "it shall be the duty of said solicitor to represent the State in the Supreme Court in all writs of error from said city court of Nashville." Acts 1905, p. 316, §9.  Undoubtedly, then, a copy of the bill of exceptions, certified February 14, 1907, should have been served upon J. H. Gary, solicitor of the city court, unless service was acknowledged and copy waived by him; and it being apparent that there has been no effort to serve him, the writ of error in this case must be dismissed.

There is the same good reason for serving the solicitors of city courts, upon whom is devolved the duty of representing the State in the courts of last resort as to writs of error sued out from their respective courts, as for requiring service of the bill of exceptions upon the solicitors-general in cases brought by writs of error from the superior court.  *Cooper* v. *State,* 103 *Ga.* 405; Penal Code, §1076.  In each case the officer required to be served is the authoritative, designated, accredited representative of the State, responsible for the proper conduct of her interests before the appellate court.  We do not know why Mr. Buie was served in the case as solicitor of the city court, or why he acknowledged service as such on February 14, 1907; since, under the act of 1905 (Acts 1905, p. 315, §8), his term expired January 1, 1907, and the motion to dismiss sets out that Gary qualified that very day.  But be that as it may, no matter what was his interest in or connection with the case, whether he was employed, or a volunteer as asserted in the motion to dismiss, he can not be considered other than as an assistant to the State's attorney—the solicitor,—who is always leading counsel, and upon whom the bill of exceptions must be served,

unless service be acknowledged. In a civil case, "service of the bill of exceptions on counsel who procured the decision brought up for review, although he may say he had ceased to be counsel before he was served, is good service." *Clark* v. *Pigeon Roost Mining Co.*, 29 *Ga.* 29. But "in a criminal case, service of a bill of exceptions upon counsel employed to assist the State's attorney in the prosecution is not sufficient, and the writ of error will be dismissed." *Oliver,* v. *State, 66 Ga.* 243; *Meeks* v. *State,* 87 *Ga.* 331. We are therefore constrained to grant the motion and dismiss the writ of error, for want of service.

*Writ of error dismissed.*