### 2562. LETSON v. THE STATE.

1. In overruling a motion for a continuance, the trial judge may, in the statement of his reasons, include a review of the evidence adduced in support of the motion, or of that submitted by way of counter-showing, or of both, and may state his opinion on the weight of such testimony and its probable effect upon the trial, without violating the terms of § 4334 of the Civil Code. While a judge should not intimate an opinion as to the truth or falsity of any testimony that may properly be submitted upon a subsequent trial, he may, in ruling upon a motion for a continuance, properly pass upon the materiality of the testimony; and therefore, it is not erroneous for the court to state, in the presence of the jury, that certain evidence is not material and would do the defendant no good.

2. That the fines and forfeitures arising in the city court of Flovilla are payable to the educational fund of the city does not disqualify citizens of Flovilla from serving as jurors in that court.

3. The fact that the judge, in inquiring if there was any further testimony, called the attention of the solicitor-general to the fact that one of the witnesses in behalf of the State, who had been sworn, had not been called to the stand to testify does not require the grant of a new trial. Nor does the mere fact that the court referred to and repeated a portion of the defendant's statement require a new trial, unless it involved an expression of opinion upon the facts in the case, or otherwise appears to have been prejudicial to the defendant.

4. The act of 1907 creating the city court of Flovilla (Acts 1907, p. 174), requiring the solicitor of that court to represent the State in all cases carried therefrom to the Supreme Court in which the State is a party, and providing that for services rendered in the Supreme Court the solicitor shall be paid the same fees as are allowed to solicitors-general (even if a writ of error would lie to a decision of that city court), has no reference to cases carried by certiorari to the superior court of Butts county. If exception be taken by writ of error to the judgment upon the certiorari, this is a case "taken up from the circuit," within the meaning of the constitution (Civil Code, § 5862), and it is the duty of the solicitor-general of the Flint circuit to represent the State in such cases, and he is entitled to receive the fee for such service.

Certiorari; from Butts superior court—Judge Reagan. March 4, 1910.

Argued April 12,—Decided May 12, 1910.

*C. L. Redman,* for plaintiff in error.

*J. W. Wise, solicitor-general, O. M. Duke,*

Russell, J.  The defendant was convicted in the city court of Flovilla of the offense of assault and battery.  The judge of the superior court overruled his certiorari, and exception is taken.

1.  The defendant made a motion for a continuance, which the judge of the city court overruled; and this ruling is the subject of one of the exceptions in the petition for certiorari.  It appears, from the judge's answer to the certiorari, that the witnesses had not been subpœnaed in the case then up for trial, though they had been subpœnaed in a case in which the same defendant was charged with riot.  For this reason it can not be said that the judge of the city court erred in overruling the motion.  The fact that the witnesses had been subpœnaed in the riot case did not dispense with the necessity of subpœnaing them in the assault and battery case.  The plaintiff in error insists, in addition, that even if the court did not err in overruling the motion, the statement of the judge that he had heard the witnesses swear before, and that their evidence was not material and would do the defendant no good, was so prejudicial to the defendant and such an expression of opinion as to require the grant of a new trial.  From the answer of the judge of the city court it appears that the statement complained of was not made in the presence of the jury, as none had at that time been empaneled.  We fail to see, however, that it would have been erroneous, even if the jury had been present, for the judge to give his reasons for overruling the motion for a continuance, provided he confined himself to a discussion of the evidence submitted to him.  Of course the expression of an opinion upon the evidence in the presence of the jury, even antecedent to the trial itself, is to be avoided, if possible, and yet the trial judge must be allowed some latitude in expressing his judgment, and, if need be, in explaining the principles upon which it is based.  His statement of his reasons for overruling a motion for a continuance may include a review of the evidence adduced in support of the motion, or of that submitted by way of counter-showing, or of both; and in stating his reasons the judge may state his opinion on the weight of such testimony and its probable effect upon the trial, without violating the terms of section 4334 of the Civil Code. While a judge should not intimate an opinion as to the truth or

falsity of any testimony which may properly be submitted upon a subsequent trial, he may, in ruling upon a motion for a continuance, properly pass upon the materiality of the testimony; and therefore it is not erroneous for the court to state, in the presence of the jury, that certain evidence is not material and would do the defendant no good.

2. The defendant objected to the panel of the jury put upon.him in the case, because all of the jurors resided in the city of Flovilla, and, under the terms of the act creating the city court of Flovilla (Acts 1907, p. 172), the fines and forfeitures arising in that court are paid into the city treasury for educational purposes. The defendant insists that by reason of this fact citizens of Flovilla are disqualified from serving as jurors in criminal cases. The act of 1874 now codified as section 754 of the Political Code declares, that "the fact of a person being a citizen or resident of a municipal corporation shall not render him incompetent to serve as a juror in cases in which said municipal corporation is a party or interested." Conceding that the jurors may have been interested in swelling the educational fund of Flovilla, the State has declared that jurors are not to be deemed capable of being affected by this fact, or influenced thereby to render an unjust verdict.

3. It appears that the solicitor administered the oath to all of the witnesses for the State at the beginning of the trial, and thereafter called them to the stand. Some length of time, after the last witness who had testified had left the stand, the court asked the State's counsel if he had anything else to offer, meaning thereby to inquire if he wished to offer any further evidence. The State's counsel explained his delay by stating that he was wondering whether all the witnesses for the State had yet testified. This statement being in the nature of a query, the court replied: "All you swore have testified, except Mr. Preston." Thereupon the solicitor called Mr. Preston and examined him as a witness. We do not find any cause for complaint in the conduct of the court above set forth, and there is certainly no basis for the contention that what transpired was prejudicial to the defendant, or that there was any intimation on the part of the court of any opinion as to the guilt or innocence of the defendant.

In charging the jury the judge stated that "the defendant in his statement said something about two absent witnesses, and they,"

when he was stopped by the solicitor; and he thereafter said nothing more as to the contents of the defendant's statement. As we do not know what the judge intended to say, it can not be inferred that the court would have stated anything that should not have been said in the charge to the jury. It is not to be presumed that he would have said anything expressive of his opinion upon the facts. And even if the judge was in fact prevented by the solicitor from making an improper statement (as was alleged), this fact would not require a new trial. It may be that if the solicitor had not interrupted the judge, he might have intimated an opinion as to the weight of the defendant's evidence, but the mere fact that the court stated that the defendant had said something about two absent witnesses, if, as a matter of fact, the defendant did make such a statement, would not necessarily afford ground for reversal. It has several times been held that while the court can express no opinion as to what has or has not been proved, he may state that there is testimony to a certain effect, where there is no testimony to the contrary.

4. A motion is made to tax the cost in this case. The writ of error comes to this court upon a judgment overruling a certiorari in the superior court of Butts county. Under the ruling in the case of *Williams* v. *State,* 121 *Ga.* 195 (48 S. E. 938), it is the duty of the solicitor-general to represent the State in criminal cases which come from city courts by means of certiorari. We deem the ruling in the *Williams* case to be applicable to this, and to be controlling, and therefore adjudge that the solicitor-general of the Flint circuit, and not the solicitor of the city court of Flovilla, is entitled to the fee.                    *Judgment affirmed.*