23787. MILLER *v.* THE STATE.

DECIDED MARCH 9, 1934.

*J. O. Ewing, C. G. Battle,* for plaintiff in error.

*John S. McClelland, solicitor, John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

GUERRY, J. The defendant was found in possession of lottery books and tickets, adding machine, and $10 in money. The books, tickets, and adding machine were found on a table in a room of his home. The defendant began his statement by saying he was at one time connected with a lottery organization in Atlanta, but was not so engaged at the time he was arrested. One of the lists of names and numbers was dated April 17, 1933. The arrest was made April 24, 1933. The tickets also bore a recent date. His statement did not fix the time he claims to have severed his connection as *"pick up* man" for the lottery organization. In his statement he claims that he never sold any tickets, only acted as *"pick up* man." This evidence was ample to support a conviction under an accusation charging him with keeping, maintaining, and carrying on a lottery.

The defendant was accused under two counts. The first count charges that he did "keep, maintain, and operate a lottery," etc. The second count charges that he "did sell, or offer for sale, certain numbers representing a chance in a lottery," etc. It is insisted that a verdict of guilty on the first count and not guilty on the second count is repugnant. With this contention we can not agree. It is easily seen that in the *Kuck* case, 149 *Ga.* 191 (99 S. E. 622), a conviction of selling whisky is repugnant to an acquittal of possessing the same whisky; there being but one transaction. He could not sell and deliver whisky without being in actual or constructive possession thereof. Section 398 of the Penal Code (1910) makes keeping, maintaining, and carrying on a lottery a misdemeanor. Section 397 makes the selling of the tickets of a lottery criminal. It might be said that the maintenance or carrying on of a lottery necessarily involved a selling of the numbers or tickets. The defendant himself, however, recognizes the distinction in the law when he says he was the *"pick up* man," but that he never *sold* any tickets. By picking up he was at least aiding and abetting the maintenance of a lottery, and the jury so found. One may be guilty of operating or maintaining a gambling house without himself participating in the actual gambling games. The verdict is not repugnant.

There is no merit in the assignment of error in regard to hearsay testimony. The evidence was not objectionable on the ground stated. *Sable* v. *State*, 48 *Ga. App.* 174 (172 S. E. 236). The remaining assignments of error are without merit. The court did not err in denying the certiorari.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*