51233. COCHRAN v. THE STATE.
51234. PATRICK v. THE STATE.
51235, 51236. SIMMONS v. THE STATE (two cases).

Quillian, Judge.

Defendants Thomas and Travis Simmons and Roger Patrick, accompanied by Robert Patrick, Tommy McKie and Jerry Alewine, were riding around the City of Commerce, Georgia, drinking beer when Robert Patrick said "lets go by that trailer where the man lives that dragged Roger out of the car." As they passed the mobile home where Mr. and Mrs. Roger Savage lived they stopped, and Tommy McKie and Robert Patrick each fired a shotgun at the mobile home. Mr. and Mrs. Savage were in their mobile home at that time. Defendants then drove to the house of Lamar Cochran, picked him up and said "they had just shot up Savage's trailer." They returned to the Savages' mobile home and Tommie McKie and Robert Patrick again shot at the mobile home. After they had passed it, they stopped and McKie and Patrick got out and again started shooting at the mobile home. Mr. Savage came out of the mobile home and began shooting at them with his pistol. They left. Two of the shotgun shells used were "slugs" which went through both sides of the mobile home. All defendants were apprehended later that night by the police.

Each defendant was charged with two counts of aggravated assault, and one count of criminal damage to property in the second degree. Defendant Cochran was acquitted of the two counts of aggravated assault but was convicted of criminal damage to property. His attorney made a motion in arrest of judgment contending that the

verdict was inconsistent as the damage was done by the firing of the shotguns and he was acquitted of the counts involving the shooting. His motion was overruled.

The remaining defendants were convicted on all three counts and have appealed to this court. *Held:*

1. A verdict on several counts must not be inconsistent and no form of verdict will be good which creates a repugnancy or absurdity in the conviction. *Kuck v. State,* 149 Ga. 191, 192 (99 SE 622). As to defendant Cochran, we do not find the verdict to be inconsistent or repugnant. Because the elements of the offenses of aggravated assault and criminal damage to property are different, a finding of not guilty as to one and guilty as to the other is neither inconsistent nor repugnant. *Robinson v. State,* 79 Ga. App. 644 (1) (54 SE2d 461); accord, *Miller v. State,* 48 Ga. App. 786, 787 (173 SE 491); see generally 23A CJS 1076, Criminal Law, § 1403 (f).

2. Defendant Thomas Simmons enumerates as error that the verdict is contrary to the evidence in that there is insufficient evidence to support the verdict of guilty against him. We agree. The evidence shows that he was present in the car at the time of these shootings, but one of the defendants who had entered a plea and testified for the state gave the following description of his condition: "Q. Is it not a fact that you have made this statement, that this boy right here [Thomas Simmons] was drunk at all times and did not know anything about what was going on at any time? A. Yes, sir. Q. And is that not a fact . . . A. Yes, Sir. Q. . . . . that he was drunk and did not know anything about any shooting at any woodyard or anywhere else. A. Yes, sir."

The state also called an agent of the Georgia Bureau of Investigation who investigated this incident. He testified that Thomas Simmons told him that he was drunk and "passed out" during this incident. The agent also said that Thomas Simmons' brother, Travis Simmons, advised him that "the other Simmons boy was passed out at all times." There was no evidence that Thomas Simmons participated in, joined in a conspiracy, or said or did anything to aid, abet, counsel or procure any act in connection with this incident. The only relevant evidence was that he was present, albeit in a drunken,

comatose condition.

We are aware that voluntary intoxication shall not be an excuse for any criminal act or omission (Criminal Code of Georgia, § 26-704; Code Ann. § 26-704 (Ga. L. 1968, pp. 1249, 1270)), but presence alone at the scene of the crime is insufficient to make a person an aider or abettor, or authorize his conviction. He must be shown to have been connected with the criminal act in some way. *Gentry v. State,* 65 Ga. App. 100 (15 SE2d 464). Where, as here, the evidence established that defendant was intoxicated to the extent that he was "passed-out," throughout the entire offense and was not conscious of the fact that the crime was being committed, the evidence is insufficient to support a finding of guilty. Therefore, it was error not to grant this defendant's motion for a new trial on the general grounds. *Greeson v. State,* 90 Ga. App. 57 (81 SE2d 839); *Brown v. State,* 118 Ga. App. 617, 622 (2) (165 SE2d 185).

3. At trial, counsel for one defendant asked for a severance and the judge replied: "I am going to deny that . . . Mr. Oliver: All right, sir. The Court: In all cases. I understand that the facts and the circumstances are the same. All of them were in the same car, were they not?" Counsel then requested a continuance on the basis that "the court had commented on what the evidence is in the presence of the Jurors." The judge stated that he had asked "if that was not so, if the circumstances and the evidence were not the same," and overruled the motion. Defendants enumerate this as error.

It is error for any judge during the progress of a criminal trial to express or intimate his opinion as to what has or has not been proved, or as to the guilt of the accused. Code § 81-1104. In ruling on a motion for a continuance the trial judge may, in the statement of his reasons, refer to the evidence without violating the provisions of Code § 81-1104. *Letson v. State,* 7 Ga. App. 745 (1) (68 SE 60); *Green v. State,* 112 Ga. App. 329 (1b) (145 SE2d 80). Remarks of the judge, assigning a reason for his ruling were neither an expression of opinion of the judge nor a comment on the evidence. *Central of Ga. R. Co. v. Harper,* 124 Ga. 836 (4) (53 SE 391); *Ford Motor Co. v. Hanley,* 128 Ga. App. 311 (3) (196 SE2d 454). We find this

enumeration to be nonmeritorious.

4. The general grounds for appeal, as to the remaining defendants, are without merit. *Barrett v. State,* 129 Ga. App. 72 (199 SE2d 116).

*Judgment reversed as to defendant Thomas Simmons. Judgment affirmed as to defendants Travis Simmons, Roger Patrick and Lamar Cochran. Pannell, P. J., and Clark, J., concur.*

51233, 51234, Argued October 8, 1975; 51235, 51236, Submitted October 8, 1975 — Decided October 14, 1975.

*James Horace Wood,* for Cochran.
*Thomas M. Spence,* for Patrick.
*James L. Brooks,* for Thomas Simmons.
Travis Simmons, Jr., *pro se* (case no. 51236).
*Nat Hancock, District Attorney, Arthur K. Bolton, Attorney General,* for appellee.