## 55619. GOOLSBY v. THE STATE.

McMURRAY, Judge.

Defendant was indicted in two counts for the offenses of aggravated assault (with intent to rape) in Count 1 and in Count 2 as a recidivist in that he had previously pleaded guilty to the offense of robbery and had been sentenced to serve 10 years in confinement. He was first

tried, using a substitute indictment only containing the first count (aggravated assault with intent to rape), and convicted. He was then tried upon the second count and again convicted. Whereupon, he was sentenced to serve 10 years, eight in confinement and two on probation. Defendant appeals. *Held:*

1. The evidence here that defendant had used force and intimidation (a deadly weapon) in an assault with intent to rape the victim, who escaped when she was able to obtain possession of the pistol and flee was ample to support the verdict of guilty of aggravated assault (with intent to rape). Further, much of her testimony was also corroborated by other witnesses who were in the vicinity at the time of the alleged incident. The evidence was legally sufficient to convict, although conflicting. The incident occurred in the victim's apartment after she was allegedly forced at gunpoint to enter the apartment. Three people next door in the adjoining apartment witnessed the defendant and the victim entering. The defendant testified these witnesses were drinking beer and smoking marijuana. He further testified that the victim was an employed prostitute "to turn a trick." Two of the persons who were in the adjoining apartment testified as witnesses corroborating the testimony of the victim as to certain events occurring thereafter. The jury here chose to believe the testimony presented by the state rather than that presented by the defendant. See *Strong v. State,* 232 Ga. 294, 298 (206 SE2d 461); *Proctor v. State,* 235 Ga. 720, 721 (221 SE2d 556) and cits.

2. The only other enumeration of error contends the trial court erred in denying the motion to direct a verdict in favor of the defendant as to Count 2 containing the recidivist charge because he was not effectively represented by counsel at the time he entered a guilty plea. The trial in the case sub judice occurred on November 30, 1977. His plea and sentence in the robbery case occurred on *January 18, 1965.* The state presented certified copies of the indictment containing the signature of defendant's counsel waiving formal arraignment and pleading guilty, the same being one Edwin Fortson and one Thomas (middle initial illegible) Nickerson, Jr., as well as that of the solicitor-general, Thomas W.

Ridgeway; and the criminal docket showing a sentence of 10 years with order or reprieve and order of commutation dated "9-1-70." Whereupon, defendant then swore as a witness that he was not represented by counsel, was not instructed as to his rights to a trial by jury, to be confronted by witnesses, to remain silent, or as to his rights to waive a jury trial and have a judge decide it; that the solicitor-general was Mr. Marshall D. Pollock, and that the only man he talked to was Mr. Pollock as solicitor-general, that he "done the whole sentence," although admitting he was conditionally released from prison on a "conditional release." On redirect examination of the defendant by his counsel the following transpired: "Q. Did you enter a plea of guilty because you were guilty or because you thought you would get a lesser sentence? A. Both, because I was guilty and I wanted a lighter sentence." The state then moved to reopen its case and for a continuance to present additional evidence. The case was continued until the next day, at which time Mr. Edwin Fortson testified that he had represented indigents in criminal cases from time to time; that he had signed this indictment as one of the defendant's attorneys, but could not remember representing the defendant; that he assumed from signing this plea that he had been appointed by the court to consult with the defendant to represent him and that defendant had expressed a desire to enter a plea. He then testified as to his normal course of action when appointed to represent a defendant who wanted to enter a guilty plea; that he remembered a "Tommy Nicholson" who had worked with his firm while he was in law school and that this attorney may have talked with the defendant, but that he had "no recollection of it." It is generally permissible to allow a witness to testify from his own knowledge as to the usual custom and course of dealing involving his business routine. See *Russell v. Pitts,* 105 Ga. App. 147 (1), 149 (123 SE2d 708).

Under the evidence before the court, while somewhat conflicting as to the entering of the plea of guilty by the defendant in 1965, there was a sufficient showing that defendant had been represented by counsel, had been advised of his rights with reference to entering the plea

and that he had freely and voluntarily entered same with the advice of counsel. The trial court did not err in refusing to direct a verdict of acquittal on Count 2.

Also we note that defendant's plea of guilty in 1965 was prior to the decision in Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). The decision in Boykin v. Alabama, supra, is prospective, not retroactive in effect. *Purvis v. Connell*, 227 Ga. 764, 767 (182 SE2d 892); *Laidler v. Smith*, 227 Ga. 759, 760 (2) (182 SE2d 891). Therefore, we must consider defendant's plea of guilty in the light of our case law prior to the Boykin decision. Here, defendant has failed to overcome the presumption in favor of the judgment against him as set forth in such cases as *Dutton v. Parker*, 222 Ga. 532 (150 SE2d 833), and *Stanforth v. Balkcom*, 217 Ga. 816 (125 SE2d 505).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

Submitted April 5, 1978 — Decided May 12, 1978.

*C. P. Brackett, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.