## 56068. WILSON v. THE STATE.

BANKE, Judge.

The appellant was indicted for armed robbery and simple battery. A jury found him guilty on the armed robbery count but acquitted him of the simple battery charge. On appeal, he contends that the verdicts were inconsistent.

The victim testified that the appellant approached her as she was sitting in her parked car, jerked the door open, grabbed a pistol which was lying on the seat beside her, pointed it at her, and told her to throw her keys away. A struggle subsequently ensued over her purse, during the course of which, she testified, the appellant hit her in the mouth with his fist, bursting her lip and leaving knuckle prints on her chin. He then left, taking the pistol and the purse with him.

The appellant did not attempt to negate any element

of either crime but contended that he was not present at the scene and was not the party involved. *Held:*

"A verdict on several counts must not be inconsistent and no form of verdict will be good which creates a repugnancy or absurdity in the conviction. *Kuck v. State,* 149 Ga. 191, 192 (99 SE 622)." *Cochran v. State,* 136 Ga. App. 125 (1) (220 SE2d 477) (1975). See *Conroy v. State,* 231 Ga. 472, 475 (202 SE2d 398) (1973). The verdicts here are not inherently inconsistent because the elements of armed robbery and simple battery are completely different—a finding of not guilty on one would not necessarily negate an element of the other. The elements of the two crimes as charged in the indictment are also disparate. Compare *Hancock v. State,* 127 Ga. App. 21 (192 SE2d 435) (1972); *Evans v. State,* 138 Ga. App. 620 (1) (227 SE2d 448) (1976).

Nevertheless, the appellant contends that the verdicts are logically inconsistent in this case since both charges rested entirely on the victim's testimony, which was uncontroverted as to the sequence of events. Therefore, it is argued, the same evidence which was found to be sufficiently reliable to support a conviction on the one charge was found to be insufficiently reliable to convict on the other.

We do not agree that this is a necessary interpretation of the verdicts. The simple battery count of the indictment appears to charge the appellant with administering a more or less extensive beating to the victim, alleging that he "did. . . intentionally cause physical harm to her by striking her about her face with his *hands and fists.*" However, the victim indicated in her testimony that the appellant hit her only once. Therefore, the jury could have believed everything she said yet still have believed the appellant to be innocent of the offense of simple battery *as charged in the indictment.* Such a finding would have been fully consistent with the return of a guilty verdict on the armed robbery count.

Since the evidence supported the conviction for armed robbery and the verdicts were not inconsistent, it was not error to overrule the motion for new trial.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED JUNE 6, 1978 — DECIDED JULY 13, 1978.

Joe E. Williams, Jr., for appellant.
W. Donald Thompson, District Attorney, Charles H. Weston, Assistant District Attorney, for appellee.