58763. BILL v. THE STATE.

CARLEY, Judge.

Bill was indicted for kidnapping and aggravated assault and tried by a jury. The evidence presented at trial established that the seventeen-year-old victim was walking to her car parked in the back parking lot of a shopping center in Columbus, Georgia, when she noticed Bill walking toward her. She testified that after she got in her car Bill opened the door, pointed a knife at her and ordered her to move over or she would be hurt. Terrified because she thought he was going to kill her, she complied, and also removed her shoes as ordered so she could not run away. The appellant told her that he was taking the car because someone had stolen some cocaine he had just brought back from Florida, so he didn't get paid and "he either had to have the money or the dope." She offered to let him have the car if he would let her go but he told her "to shut up and not make him nervous"; that if she didn't say anything she would not get hurt. She noted that the man appeared very nervous, had a northern accent, "sort of smacked when he talked," smoked a lot of cigarets, and she gave a detailed description of his appearance and clothing. The appellant drove the victim's car to a rural part of Muscogee County, later determined to be a part of Fort Benning Military Reservation, ordered her to undress and lie on the ground, and raped her. She did not resist because he was holding the knife to her. He forced

her to dress, then drove to another area in Fort Benning and raped her again. She attempted to escape during these travels and after the second rape the appellant made her drive the car. After the victim was released by appellant she went immediately to her fiance, who described her as being in a hysterical state and stated that she had grass all over her clothes and that her car was scratched by bushes. Four days later one of the detectives who was familiar with the victim's description of the rapist spotted a man who matched the description walking down a road in East Columbus. When the detective questioned the man he had a northern accent and smacked his lips when he talked. Although he denied any knowledge of the crimes he was placed in a lineup of similar-looking males, where he was instantly identified by the victim. The detective observed at the time he arrested him that the appellant appeared to be under the influence of narcotics. The alleged rapes having been committed on the Fort Benning Reservation, appellant was charged only with aggravated assault and kidnapping in Muscogee Superior Court.

The appellant, who was his only witness, testified that he was picked up by the victim while hitchhiking, that he did not have a knife or use force, and that he and the victim had consensual sexual intercourse. The jury found him guilty of kidnapping and acquitted him of aggravated assault. He was sentenced to twelve years, the state having introduced evidence of a prior Alabama conviction for burglary, and he appeals.

1. Bill contends that the trial court erred in overruling his special demurrers to Count 1 of the bill of indictment. That count charged him with kidnapping in that he did "unlawfully abduct and steal away [the victim] against her will, without authority or warrant, contrary to the laws of said State, the good order, peace and dignity thereof." The demurrers were based upon alleged failure to comply with the form of indictment set out by Code Ann. § 27-701 by omitting the required statutory language "of the county of State aforesaid" after appellant's name; failure to properly define the crime of kidnapping; and failure to identify or describe the location at which the crime was committed.

It does not appear from the record that any pretrial

hearing was held on these demurrers or that any order was issued overruling them. However, nothing alleged shows such prejudice to the appellant as to warrant reversal of his conviction. The indictment plainly states that the alleged offenses occurred in Muscogee County, Georgia, which is sufficient. *Tarver v. State,* 123 Ga. 494 (1) (51 SE 501) (1905). Criminal Code § 26-1311 (a) defines kidnapping in the exact language used in the indictment, which is also sufficient. *Ramer v. State,* 76 Ga. App. 678, 681 (1) (47 SE2d 174) (1948). Nor was it fatally defective because it did not recite from what place to another the victim was transported. *Dowda v. State,* 74 Ga. 12 (2) (1884). "[W]hen trial has been had before the appellate court reviews the merits of the special demurrer, where no prejudice to defendant has occurred though the indictment is not perfect, reversal is a mere windfall to defendant and contributes nothing to the administration of justice." *State v. Eubanks,* 239 Ga. 483, 489 (238 SE2d 38) (1977).

2. Bill next asserts that the trial court erred in denying his motion in arrest of judgment because the two charges were based on identical conduct, which rendered the jury verdict repugnant and inconsistent as a matter of law, and, therefore, amounted to a finding of not guilty on both counts. Since the jury acquitted him of Count 2 charging him with aggravated assault, to wit: assault with a deadly weapon, "a certain knife," Bill insists that the guilty verdict under Count 1 must also fail since the evidence showed that the kidnapping, if it occurred at all, was accomplished by means of an aggravated assault with a knife. This argument ignores the fact that a kidnapping as defined by Code Ann. § 26-1311 may be committed without the use of a deadly weapon, and that the indictment did not allege that one was used. Thus use of the knife as a deadly weapon was an essential element of the offense of aggravated assault, but not of kidnapping. Under the evidence, a finding that an aggravated assault under Code Ann. § 26-1302 did not take place, but that a kidnapping perpetrated through fear or intimidation or some other means did occur, would have been authorized.

" 'The determinative factor in such cases is whether the acquittal of one charge necessarily includes a finding

against a fact that is essential to conviction for the other charge. If so, the evidence is then insufficient to support a verdict of guilty in the convicted charge . . .' [Cit.]" *Woods v. State,* 240 Ga. 265, 269 (1(b)) (239 SE2d 786) (1977). But where "the *elements* of the offenses . . . are different, a finding of not guilty as to one and guilty as to the other is neither inconsistent nor repugnant. [Cits.]" (Emphasis supplied.) *Cochran v. State,* 136 Ga. App. 125, 126 (1) (220 SE2d 477) (1975); see also *Wilson v. State,* 146 Ga. App. 695 (247 SE2d 220) (1978). Compare *Hancock v. State,* 127 Ga. App. 21, 22 (192 SE2d 435) (1972), where the indictment specifically alleged that the kidnapping was attempted "by pointing a pistol at [the victim]."

" 'Where evidence is consistent with two different explanations, one of which will sustain the verdict and one render it inconsistent, this court will infer that the jury adopted that explanation consistent with its findings. [Cits.]' [Cit.] Furthermore, '[i]t is obvious that the offenses involved here, although taking place at the same general time and location, are separate offenses in that each is established by a proof of different facts and each offense is distinct as a matter of law . . .' " *Smith v. State,* 144 Ga. App. 785, 786 (1) (242 SE2d 376) (1978).

3. After reviewing the entire record, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof that the appellant "did unlawfully abduct and steal away [the victim] against her will without authority or warrant . . . " as alleged in the indictment. Jackson v. Virginia, — U. S. — (99 SC 2781, 61 LE2d 560) (1979). "While the jury can and must weigh and analyze the evidence, an appellate court, in reviewing on the general grounds, is restricted to determining if there is sufficient evidence to support the verdict of the jury. [Cits.]" *Davis v. State,* 151 Ga. App. 222, 223 (259 SE2d 207) (1979). Here the evidence was sufficient to warrant a finding of guilt beyond a reasonable doubt and the conviction must be affirmed.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED OCTOBER 3, 1979 — DECIDED JANUARY 22, 1980.

■■

*Samuel J. Brantley,* for appellant.
*William J. Smith, District Attorney, J. Gray Conger, Assistant District Attorney,* for appellee.