## 63147. JONES v. THE STATE.
## 63148. WILLIAMS v. THE STATE.

Pope, Judge.

Marvin Jones and Bobby Lee Williams were indicted jointly, charged with armed robbery, kidnapping with bodily injury, motor vehicle theft, aggravated assault and attempted murder. Following their trial defendants were acquitted of the armed robbery count of the indictment and found guilty of the remaining counts. Defendants bring these appeals enumerating as error the trial court's failure to direct a verdict as to several of the counts on the ground of merger and also the trial court's failure to give certain requested instructions to the jury. Additionally, Jones cites as error the trial court's failure to grant a mistrial because of the court's statement in the presence of the jury that the defendants had produced no evidence and also his being sentenced as a recidivist. *Held:*

1. Defendants' first three enumerations cite as error the trial court's failure to direct a verdict as to various counts of the indictment on the ground that these counts merged with other counts of the indictment; i.e., defendants contend that (a) the motor vehicle theft count merged with the armed robbery count, (b) the aggravated assault count merged with the kidnapping with bodily injury count, and (c) the aggravated assault and the attempted murder counts merged with the kidnapping with bodily injury count. These contentions are based on Code Ann. § 26-506 (a) which provides: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if (1) one crime is included in the other, or (2) the crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct."

"Since none of [the] crimes [in the case at bar] differ only in definition of conduct prohibited, their merger will depend upon whether one is included in the other. One crime is included in another when: '(a) it is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged, or (b) it differs from the crime charged only in the respect that a less serious injury or risk of injury to

the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.' Code Ann. § 26-505 ...." *Thomas v. State,* 237 Ga. 690, 694 (229 SE2d 458) (1976).

The evidence of record is essentially without dispute. The victim left his home in Thomas County, Georgia and traveled to a liquor store located in Florida just across the state line. Following his purchase, the victim was importuned by defendants to assist them in cranking their auto, which apparently had a dead battery. Upon failure to crank the auto, defendants secured a ride with the victim back to Thomasville. Telling the victim that they had relatives who lived nearby, defendants persuaded him to pull off onto a side road before reaching Thomasville. The auto was stopped. The victim then realized that something was amiss but before he could leave, defendants pulled him from his auto, "slapped and kicked him and threw him on the ground and then cut [him] several times with [a razor blade] box cutter" which defendant Jones was carrying. Money was demanded of the victim but he had none. The victim was then placed in the back seat of his auto and driven to Thomasville; Jones held the box cutter on the victim during the drive. The victim was forced to write a $40 check so that defendants could obtain money. Upon arriving in Thomasville, defendant Williams unsuccessfully attempted to cash the check. While Williams was out of the auto, the victim attempted to escape. He was forcibly subdued upon Williams' return and passed into a state of semi-consciousness, his eyes and face beaten and swollen. The auto was then driven to a point below the Ochlocknee River Bridge where the victim was again taken from the auto. A sweater, billfold, $1.00 silver certificate, Kennedy half dollar, gold ring and pocket knife were then taken from him. He was told repeatedly by defendants, "Man, you're dead. You got to die." The victim tried to resist but was again cut and beaten. He was placed back in the auto and driven onto the bridge. At a point near the middle of the bridge, the victim was removed from the auto and bodily thrown off the bridge. He landed some 18 feet below in a spot littered with bottles, stones, boards, nails, blocks and other debris. Defendants then left in the victim's auto.

(a) The evidence in this case was clearly such that any rational trier of fact could have found defendants guilty of motor vehicle theft beyond a reasonable doubt; however, defendants were acquitted of armed robbery. Defendants argue that proof of the theft of the victim's auto was the same as the proof of the alleged armed robbery.

While the theft of an automobile may constitute an armed robbery, yet the theft of an automobile may be committed without committing an armed robbery. *Roberts v. State,* 228 Ga. 298 (2) (185 SE2d 385) (1971). The testimony presented at trial showed that

defendants allegedly took certain items from the victim on two separate occasions prior to the time they threw the victim over the bridge and left in his auto. The jury was authorized to conclude, and apparently did conclude, that the armed robbery for which defendants were indicted did not constitute the same transaction as the theft of the victim's auto within the meaning of Code Ann. § 26-506. Accord, *Holt v. State,* 239 Ga. 606 (238 SE2d 399) (1977); *Parrish v. State,* 160 Ga. App. 601 (2) (287 SE2d 603) (1981); see *Bill v. State,* 153 Ga. App. 131 (2) (264 SE2d 582) (1976). Compare *Painter v. State,* 237 Ga. 30 (226 SE2d 578) (1976). Therefore, the offense of motor vehicle theft did not merge with the offense of armed robbery, and the trial court did not err in refusing to direct a verdict on this ground.

(b), (c) The sequence of events as testified to by the victim was that defendants first pulled him from his auto and beat and cut him; then they abducted him against his will during which time he was again beaten and cut, suffering grievous injuries to his person; finally, after threatening to kill him, defendants threw him off a bridge — an act clearly designed to end his life. Although occurring sequentially, one after the other, each of these transactions constituted a separate offense since each was established by proof of different facts; i.e., each offense was a completed crime when the next was perpetrated upon the victim. Accord, *Pryor v. State,* 238 Ga. 698 (1) (234 SE2d 918) (1977); *Thornton v. State,* 144 Ga. App. 595 (2) (241 SE2d 478) (1978); *Bruce v. State,* 142 Ga. App. 211 (1) (235 SE2d 606) (1977). Compare *Williams v. State,* 238 Ga. 244 (7) (232 SE2d 238) (1977); *Hizine v. State,* 148 Ga. App. 375 (1) (251 SE2d 393) (1978). Accordingly, the trial court did not err in refusing to direct a verdict on these grounds.

2. Defendants also enumerate as error the trial court's refusal to give certain requested charges relating to the merger of the offenses as set forth in Division 1 of this opinion. These charges were couched in language which would have authorized the jury to have acquitted defendants on certain specified counts in the indictment if the jury determined that the conduct of defendants used to prove one offense was the same conduct used to prove another.

The record discloses that the trial court did charge the jury in general language that they were not authorized to convict defendants of more than one crime if one crime was included in another. Since this general charge substantially covered the principle of law raised by defendants' requests, the trial court did not err in refusing to charge the jury in the exact language requested. *Carter v. State,* 244 Ga. 803 (4) (262 SE2d 109) (1979); *Marable v. State,* 154 Ga. App. 115 (1) (267 SE2d 837) (1980).

3. Following the presentation of the state's case, both defendants rested without introducing evidence. The trial court stated, "Very well. The State closes. The Defendant closes in the case of each Defendant. All right . . . the evidence is closed and all witnesses may be excused at this time. As I understand it there was no evidence introduced by the Defendants and Defendants will claim the right to open and conclude the arguments." Defendant Jones contends that the foregoing remarks constituted an impermissible comment by the trial court on his failure to testify. We do not agree.

"We think it clear that not every allusion which may be made at a trial to a defendant's not testifying will constitute error." *Drake v. State,* 239 Ga. 232, 236 (236 SE2d 748) (1977). " . . . [W]hat is prohibited is a comment that the defendant could have 'denied,' 'explained,' or otherwise 'disputed' the state's case against him." *Woodard v. State,* 234 Ga. 901, 905 (218 SE2d 629) (1975). " 'This instruction given prior to the (closing) statements by either side merely informed the jury of the general procedure to be followed and did not amount to a comment on [Jones'] failure to testify.' *Joiner v. State,* 236 Ga. 580, 581 (3) (224 SE2d 414) (1976). Furthermore, the record demonstrates that at the time the 'comment' was made [Jones] raised no objection. *Culpepper v. State,* 132 Ga. App. 733, 734 (5) (209 SE2d 18) (1974)." *Fletcher v. State,* 157 Ga. App. 707, 709 (278 SE2d 444) (1981).

4. Finally, Jones contends that the trial court erred in sentencing him as a recidivist because there was no affirmative showing that he had been represented by counsel or had effectively waived his right to counsel at his prior conviction. The record shows that a certified copy of an accusation showing that Jones had pled guilty to motor vehicle theft on November 19, 1975 was admitted into evidence without objection. The accusation recited in pertinent part: "The Defendant Marvin Jones, having been advised by the Court of his constitutional rights, including the right to counsel and indictment by grand jury, hereby waives arraignment, copy of accusation, list of witnesses, grand jury indictment and pleads guilty." This plea was signed on November 19, 1975 by Jones and by one Ronald A. Cohen as "Attorney for Defendant." The trial court took judicial notice that Ronald A. Cohen was an officer of the court and was an attorney of good standing in the State Bar of Georgia on November 19, 1975 and concluded that Jones had indeed been represented by counsel at the time he had entered his guilty plea.

"Under the evidence before the [trial] court . . . there was a sufficient showing [by the state] that [Jones] had been represented by counsel, had been advised of his rights with reference to entering

the plea and that he had freely and voluntarily entered same with the advice of counsel." *Goolsby v. State,* 146 Ga. App. 17, 19 (245 SE2d 354) (1978); see *State v. Germany,* 245 Ga. 326 (265 SE2d 13) (1980). Therefore, the trial court did not err in sentencing Jones as a recidivist pursuant to Code Ann. § 27-2511.[1] The decision in Baldasar v. Illinois, 446 U. S. 222 (100 SC 1585, 64 LE2d 169) (1980), does not require a different result.

*Judgments affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED MARCH 12, 1982.

*Walter E. Van Heiningen,* for appellant (case no. 63147).
*Gwendolyn Ann Atkinson,* for appellant (case no. 63148).
*H. Lamar Cole, District Attorney, James E. Hardy, Assistant District Attorney,* for appellee.

---

[1] We note in passing that Jones was sentenced to serve seven years for his conviction of motor vehicle theft in the case at bar, although he could have received a sentence of ten years because this was his second conviction of motor vehicle theft. Code Ann. § 26-1813 (b); see *Cofer v. Hopper,* 233 Ga. 155 (4) (210 SE2d 678) (1974).