## 55641. DOUGHERTY v. THE STATE.

DEEN, Presiding Judge.

Betty Dougherty was accused and convicted of unlawful use of electrical services. She was fined fifty dollars and sentenced to six months on probation provided she paid her fine. She appeals from the denial of her motion for a new trial.

1. In Enumerations 1-3, appellant contends that the trial court erred in denying her motion for a directed verdict, denying her motion for dismissal, and denying her motion for a new trial because the accusation and her subsequent conviction were based on an illegal arrest since the arresting officer failed to obtain an arrest warrant. Code Ann. § 27-207 provides in part: "An arrest for a crime may be made by an officer... without a warrant if the offense is committed in his presence." The accusation stated that appellant did "intentionally and without authority prevent a meter from properly registering the quantity of electric service supplied the property of Georgia Power Company, engaged in the sale of electricity." The arresting officer testified that when he went to Mrs. Dougherty's home that he informed her that she was suspected of being guilty of a violation of Code Ann. § 26-1507 (b), unlawful use of electrical service. Two Georgia Power Company officials who accompanied the arresting officer testified that appellant's service was disconnected on March 9, 1976, and the meter was sealed. When they arrived at her home on April 22, 1976, the meter was unsealed and there was a load on it; lights were on in the house and a television set was playing. Appellant denies playing the television set, but she admits using electrical power on that date. Based upon these facts, we find that the use of electricity constituted a continuing offense that was committed in the presence of the officer.

She further claims that the state failed to prove intent as required under Code Ann. § 26-1507 (b) which provides: "Where there is no evidence to the contrary, the person performing any of the illegal acts set forth in subsection (a) and/or the person, who with knowledge of such violation receives the benefit of such service without

proper charge as a result of such improper action shall be presumed to be responsible for such acts of tampering or diversion." Code Ann. § 26-605 provides: "A person will not be presumed to act with criminal intention, but the trier of facts may find such intention upon consideration of words, conduct, motive, and all other circumstances connected with the act for which the accused is prosecuted." Both knowledge and intent are seldom capable of proof by direct evidence. *Jones v. State,* 141 Ga. App. 17 (232 SE2d 365) (1977). The evidence in this case did not demand a verdict in favor of appellant and was more than sufficient to support the jury verdict.

2. Appellant also claims that the trial court erred in denying her motion for a new trial because she was not read her Miranda rights by the arresting officer. Where there is clear evidence presented by two witnesses and the arresting officer, although contradicted by appellant, that she was informed of her rights, this court will not reverse the trial court's decision on appeal.

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED APRIL 3, 1978 — DECIDED
APRIL 20, 1978.

*Arline S. Kerman,* for appellant.
*Hinson McAuliffe, Solicitor, Frank A. Bowers, Assistant Solicitor,* for appellee.