## 58925. JARMELLO v. THE STATE.

DEEN, Chief Judge.

The appellant, one Crews, and four others were indicted and tried for the offense of criminally damaging property by attempting to steal built-in stereo equipment from a boat and badly damaging both in the process. Crews and the appellant were convicted, and only Jarmello appeals.

The case is here on the general grounds only. It was clearly established that the six youths were in a car which parked in a restricted area near the boat. The owner testified he had parked it within view of his cabin an hour to an hour and a half earlier; that it was in plain view and he regularly observed it; that when he noticed a man

standing on the boat he ran out to it and the man (Jarmello) jumped off and ran to the car in which others were sitting; and the car then took off at a rapid speed. Meanwhile, a friend of the owner who saw this occurrence went directly to the gatehouse and when the car, proceeding fairly slowly, went out the gate he got the tag number so that the car was traced and the occupants arrested that same night. There is evidence that Crews admitted damaging the boat and "stealing the radio" (but no radio was stolen) and other evidence, by one of the acquitted defendants, that Crews came back to the car and carried away a jack and a crowbar. Jarmello contended that he had gone back near the boat to retrieve a fishpole and got in the car as he saw the owner approaching, but he denied being on the boat and the owner denied that he had a fishpole at the time.

These discrepancies in testimony make a jury question as to whether Crews was aided and abetted by Jarmello in the attempted theft which caused the damage to the watercraft.

We have before us only the sufficiency of the evidence, construed in favor of the verdict, to support the conviction of Jarmello. It is not contended that the group, as a group, was misidentified and the evidence almost demands a finding that Crews obtained a crowbar from the car which he presumably used on the boat. The only question is whether Jarmello shares his guilt. He admits being the person seen by the owner and the owner, if believed, establishes that he lied in denying his presence on the boat or claiming to have a fishpole. The other occupants were already in the car and, when the owner approached, the car took off with rapidity. Flight upon seeing one whom the accused has reason to believe may accuse him of a specific crime may be shown as an indication of a sense of guilt. *Green v. State,* 127 Ga. App. 713 (194 SE2d 678) (1972); *Richardson v. State,* 113 Ga. App. 163 (2) (147 SE2d 653) (1966). Additionally, the jury had a right to believe the defendant was in fact on the boat at the time in question and that he lied about his purpose in being there, from which guilty intent would be a permissible inference. A rational trier of fact could accordingly reasonably have found from the evidence that

the defendant was guilty beyond a reasonable doubt. Jackson v. Virginia, — U.S. — (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED NOVEMBER 6, 1979 — DECIDED DECEMBER 5, 1979.

*George W. Brinson*, for appellant.
*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney*, for appellee.