## 61706. KITCHENS v. THE STATE.

BIRDSONG, Judge.

Larry Wayne Kitchens was tried and convicted of interfering with the property of a municipality (restarting an electric meter owned and operated by the City of Albany which had been turned off and sealed for nonpayment of electric bill) and criminal damage to property in the first degree (damaging the same meter by beating it with a hammer and breaking it loose from its fastening). He was sentenced to twelve months for interfering with the meter and ten years for destruction of the meter, with one year to serve and nine years on probation, the twelve-month and one-year confinement to be served concurrently. Kitchens appeals from the denial of a motion for new trial and motion in arrest of judgment. *Held:*

1. The facts establish that the City of Albany operated as a public utility furnishing electrical service to its citizens. Kitchens

became delinquent in his payments and the city sent out a serviceman who turned off the service at the meter and inserted a device to insure that the service would remain discontinued. A neighbor observed Kitchens go to the meter, open it up, remove the stop, and restart the service. This occurred about 4:00 p.m. A second serviceman was then dispatched and restopped the service. On this occasion a metal band with a lock was placed around the meter so that entry into the meter could not be effected. Kitchens was observed at about 6:00 p.m. attempting to open the meter a second time but Kitchens apparently had no tools available to remove the band. His neighbors then characterized Kitchens as becoming "enraged" and Kitchens used a hammer to repeatedly beat the meter case. The case broke away from its fastening. Kitchens then removed the meter, and again apparently tried to start the current flow. The meter was all broken and beaten by the blows of the hammer.

2. In his motion for new trial Kitchens raised the general grounds. This enumeration gives us no pause. We find that the evidence, viewed in the light most favorable to the verdict, supports a finding of guilt by any rational trier of fact of the essential elements of the crimes charged beyond a reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

3. Kitchens also moved for a directed verdict of acquittal on the grounds that as of Count 2 (criminal damage to property), there was no evidence of endangering human life, one of the statutory elements of that crime. That statute (Code Ann. § 26-1501), in addition to proscribing activities that place human life in danger, declares it to be unlawful to destroy or damage property while knowingly and without authority interfering with the operation of any public utility service by force and violence. As urged by appellant, there was no evidence of the endangering of human life, thus he argues that it was error to charge the jury in this language. However, even though not every phrase and portion of the code section was applicable, this charge furnishes no ground for a new trial. The trial court charged the language of the entire statute or provision. Part of the statute was applicable and the part that was inapplicable clearly would not have mislead a jury of average ability. *Ford v. State,* 232 Ga. 511, 517 (12) (207 SE2d 494); *Harrison v. State,* 138 Ga. App. 419, 420 (226 SE2d 480).

Appellant also argues that Code Ann. § 26-1501 was designed to punish persons who blow up power stations, cut power lines, etc., and endanger human life because of the degree of force used. His argument continues that his acts of violence against a meter at his home are more aptly proscribed by Code Ann. § 26-1507. As we read that statute (Code Ann. § 26-1507), while it includes the destruction

of an electrical meter belonging to a municipality, its primary purpose is to prohibit or inhibit the causing of damage to such a meter which is directly related to efforts to modify the proper registering of the amount of service, or unlawfully obtaining, diverting or tampering with the services or equipment (i. e., theft of public utility services).

In our reading of the two statutes (Code Ann. §§ 26-1501 and 26-1507), the state could elect to bring the charge under either of the statutes. The language of each is broad enough to encompass the acts of the appellant. Appellant has presented no argument or authority to support his contention that the state must bring the charge under the misdemeanor statute (Code Ann. § 26-1507) rather than the felony statute (Code Ann. § 26-1501). See *Jarmello v. State,* 152 Ga. App. 741 (264 SE2d 34). We find no merit in this argument.

4. Appellant also contends that the convictions and sentences in this case were substantially for the same offense. We disagree. The trial court charged and the jury found that Kitchens unlawfully reconnected the meter serving his apartment and thereby obtained electrical service to which he was not entitled (i.e., theft of services). This is conduct that clearly falls within the purview of Code Ann. § 26-1507, proscribing the tampering with electrical service (a misdemeanor). The state alleged and proved that this act of misconduct occurred at 4:00 p. m. This conduct authorized the jury to find an unlawful and intentional diversion of electrical service without the consent of the municipality. Two hours later, Kitchens, in an apparent fit of anger, took a hammer and destroyed the meter. This is conduct proscribed either by Code Ann., §§ 26-1501 or 26-1507 but is a different act than diversion of electrical service which occurred at 4:00 p. m. This latter conduct involved the wilful and intentional destruction of property belonging to a public utility. The two crimes charged occurred at different times and involved statutes that have differing behavioral postulates. Under the facts the two crimes are not so intertwined as to involve less injury or risk of injury to the same person or property. There are separate public interests involved. Under the circumstances of this case, the same conduct is not being punished twice nor is one act included in the other so as to proscribe the separate conviction and punishment for each act. *State v. Estevez,* 232 Ga. 316, 318-320 (206 SE2d 475). We find no merit in this contention.

5. Kitchens complains of the charge of the court wherein it informed the jury that one who receives the benefits of tampering with an electrical meter, in the absence of an explanation, may be presumed to be the one who tampered with the meter. Appellant urges that this charge diluted the presumption of innocence. First we

note that the language of the charge (in the phraseology of Code Ann. § 26-1507 (b)) removes any shifting of the burden of proof or taint of presumptive guilt by its first phrase: "Where there is no evidence to the contrary. . . ." Secondly, the court fully charged on the location of the burden of proof and the elements of the offense charged. Lastly, this charge has, in effect, already been quoted without objection as to propriety by this court. See *Dougherty v. State,* 145 Ga. App. 718, 719 (244 SE2d 638). We find no error in this charge especially when viewed in the context of the full charge of the court.

6. Kitchens also urges as error the overruling of his motion in arrest of judgment. The basis for that motion duplicated, in part, the grounds of his motion for new trial wherein he alleged that the evidence did not support a verdict of guilty under Code Ann. § 26-1501 and that he was being convicted and punished twice for the same misconduct. For the reasons hereinbefore stated, we find no merit to these enumerations.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED JUNE 26, 1981.

*Henry C. Custer,* for appellant.
*Hobart M. Hind, District Attorney,* for appellee.

