62160. MINCEY v. THE STATE.

SHULMAN, Presiding Judge.

Appellant was convicted of the August, 1979, armed robbery of a liquor store on the Jekyll Island Causeway and sentenced to 20 years. He brings this appeal, contending that the trial court erred when it denied appellant's motion for a mistrial and allowed certain evidence over appellant's objection. We affirm.

1. In his first enumeration of error, appellant maintains that the trial court erred when it admitted a black shirt into evidence. The victim of the armed robbery had described the perpetrator as wearing a black, silk-like shirt. On the day after the robbery, a police officer recovered from the roadside between the site of the crime and the place of appellant's arrest a shirt fitting that description. The victim identified the shirt recovered by the officer as one which looked like the one the robber had worn, and appellant's co-defendant testified that the shirt was the one which appellant had worn the night of the armed robbery.

It was not error to admit the shirt into evidence in light of the testimony of the victim and co-defendant. *Collier v. State,* 232 Ga. 282 (4) (206 SE2d 445); *Kitchens v. State,* 134 Ga. App. 81 (1a) (213 SE2d 180).

2. Appellant's next enumeration of error is deemed to have been abandoned since it is not supported in the brief by citation of authority or argument. Code Ann. § 24-3615; *McCormick v. State,* 152 Ga. App. 14 (4) (262 SE2d 173).

3. In his third enumeration of error, appellant urges that the trial court erroneously allowed testimony concerning a photographic identification from a witness who admitted that, while the picture he had chosen (that of appellant) depicted a man who fit the description of the man he had seen running from the liquor store, he was not positive that he was the man. The witness then made an in-court identification of appellant as the man whose picture he had selected from the photographic spread.

Appellant does not contend that the photographic display or procedure was impermissibly suggestive. Compare *Thomas v. State,* 148 Ga. App. 222 (251 SE2d 136); *Smokes v. State,* 136 Ga. App. 8 (2) (220 SE2d 39). In effect, appellant urges the suppression of the result of a valid photographic display on the ground that the witness was able to say only that the man depicted in the photo he singled out resembled the man he saw fleeing the scene of the armed robbery. The witness' uncertainty goes to the reliability of the identification, which is a question for the jury. See *Devlin v. State,* 147 Ga. App. 703 (1) (250 SE2d 6). The trial court did not err when it refused to withdraw the testimony from the jury's consideration.

4. Finally, appellant maintains that the trial court should have granted his motion for a mistrial after the state allegedly placed appellant's character in issue. In response to a question which the state asked him on direct examination, appellant's co-defendant stated that Mincey had said that he (Mincey) "couldn't make it on the outside anyway." After defense counsel objected, the trial court instructed the jury to disregard the remark since it had no probative value.

"It is axiomatic that the general character of a defendant on trial for the commission of a crime . . . is irrelevant unless the defendant himself chooses to put his character in issue. [Cits.]" *Brown v. State,* 118 Ga. App. 617, 618 (165 SE2d 185). Evidence which shows or tends to show that the defendant has committed another crime independent of the offense for which he is on trial is irrelevant and inadmissible. Id. The testimony of appellant's co-defendant did not place appellant's character in issue, and the trial court did not err when it refused to grant appellant's motion for a mistrial. Even if the testimony had the effect of placing appellant's character in issue, the instructions given to the jury by the trial court were sufficient to cure the error. *High v. State,* 153 Ga. App. 729 (2B) (266 SE2d 364).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED SEPTEMBER 17, 1981.

*Orion L. Douglass,* for appellant.
*Glenn . Thomas, District Attorney, John B. Johnson III, Assistant District Attorney,* for appellee.