63377. DAVIS v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, along with another, for the offense of armed robbery. This defendant was thereafter tried, based upon his defense that he was so intoxicated that he was incapable of forming the prerequisite criminal intent to commit the armed robbery, although he did remember that he was in the Majik Market on the day of the robbery. He was convicted and sentenced to serve 15 years, the first 10 years in confinement and the balance of said sentence to be served on probation. A motion for new trial, as amended, was filed, heard and denied. Defendant appeals. *Held:*

1. The first enumeration of error contends that the trial court erred in charging on intent that same "may be inferred from the proven circumstances or by acts and conduct or it may be presumed when it is the natural and necessary consequences of the act, but the presumption may be rebutted by any evidence to the contrary." Defendant contends this was a burden shifting charge found to be unconstitutional in Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39), in that the jury may have interpreted the presumption as conclusive and as shifting the burden of persuasion to the defendant as to the element of intent. In *Hosch v. State,* 246 Ga. 417, 419-420 (3) (271 SE2d 817), the Supreme Court of Georgia considered a somewhat similar charge in the light of Sandstrom v. Montana, 442 U. S. 510, supra, but determined that in view of the trial court's charges on the presumption of innocence, the burden of proof, reasonable doubt, and intent as a jury question and the fact that the jury was instructed that the presumption may be rebutted "the jury could not have interpreted the charge as shifting the burden of persuasion to the defendant," citing *Lackey v. State,* 246 Ga. 331 (271 SE2d 478). Also, at page 420, the Supreme Court stated that it did not approve the continued use of this charge, citing *Kramer v. State,* 230 Ga. 855 (1) (199 SE2d 805), in footnote 1, and in particular stated that absent explanatory language the charge should not be cast in terms of " 'The law presumes' " as such phrase, standing alone, would be subject to misinterpretation by the jury. Our examination of the charge here clearly distinguishes the case sub judice from that of Sandstrom, and the language of the charge here stated clearly that the burden of proof was upon the state to prove that the act alleged to be criminal is a criminal act beyond a reasonable doubt, that specific

intent to commit the crime charged is an essential element which must be proved by the state beyond a reasonable doubt, that intent is always a question for the jury and is "ordinarily ascertained by facts and conduct," although it may be shown in many cases "provided the jury finds it existed from the evidence produced," and "may be inferred from the proven circumstances or by acts and conduct or it may be presumed when it is the natural and necessary consequences of the act, but the presumption may be rebutted by any evidence to the contrary." Under the circumstances here and based upon the decision of *Hosch v. State,* 246 Ga. 417, 419-420, supra, we find no reversible error as the instruction is in nowise burden shifting. There is no merit in this complaint.

2. The remaining enumeration of error is that the trial court erred in the jury instruction as to voluntary intoxication. The court charged that voluntary intoxication by the use of alcohol or drugs is no excuse for a crime, setting forth that such intoxication "may be shown as illustrative of his motive in the transaction," and "one voluntarily under the influence of alcohol or drugs is presumed to intend the legitimate consequences of his act and the question is whether he intended to do the act or whether he intended the consequences of the act." Again, the defendant urges that this charge based upon Sandstrom, supra (Division 1), is unconstitutional as the jury may have interpreted the presumption as conclusive or as shifting the burden of persuasion to the defendant on the element of intent, the same being violative of "the Fourteenth Amendment requirement that the state prove every element of a crime beyond a reasonable doubt." Defendant argues further that it differs from *Hosch v. State,* 246 Ga. 417, 419-420, supra, in that it does not state that it is rebuttable but comments that one "is presumed," to intend the consequences of his act. However, the excerpt complained of was not the entire charge with reference to a person under the influence of alcohol or drugs as the trial court further charged that if a person under the influence of alcohol or drugs is sufficiently intelligent to know or understand and intend to do a certain act and understand that certain consequences are likely to result from it, and does the act, he is criminally liable for the consequences of the act. "However, if because of the influence of alcohol or drug, one's mind becomes so impaired as to render him incapable of forming an intent to do the act charged, or to understand that a certain consequence was likely to result from it, he would not be criminally responsible for the act. Whether or not that is true is a question for the jury to determine." Clearly the jury was instructed that it was within their sole province to determine if the defendant had the requisite intent to perform the act of armed robbery. The explanatory language required by *Hosch v.*

*State,* 246 Ga. 417-420, supra, has been supplied, and it has been made clear to the jury that any presumption is a permissive presumption rather than a mandatory presumption which the jury was allowed to consider. The court had charged on the burden of proof, reasonable doubt and intent as a jury question, and the jury could not have interpreted the charge as shifting the burden to the defendant. There is no merit in this complaint.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED FEBRUARY 18, 1982.

*John Lee Parrott,* for appellant.
*Joseph H. Briley, District Attorney,* for appellee.