## 64277. TALLEY v. THE STATE.

CARLEY, Judge.

Appellant was indicted for and convicted of two counts of aggravated assault with a deadly weapon. Following the denial of his motion for new trial, appellant brings this appeal from the judgment of conviction and sentence entered on the jury verdict.

1. Appellant was charged in count one of the indictment with assaulting the victim with a pick-up truck and in count two, with assaulting the same victim with a knife. In his first enumeration of error, appellant asserts that his motion for new trial, predicated on the general grounds, was erroneously denied.

"[U]nder Code Ann. § 26-1302, 'A person commits aggravated assault when he assaults . . . (b) with a deadly weapon.' An assault is 'an act which places another in reasonable apprehension of immediately receiving a violent injury.' Code Ann. § 26-1301 (b). There is no requirement that the victim of the 'assault' be physically injured. [Cit.]" *Jackson v. State,* 248 Ga. 480, 482 (1) (284 SE2d 267) (1981).

Evidence presented by the state would authorize the jury to find the following: On the date in question, the victim was jogging on the side of a road when he first noticed a pick-up truck approximately two-hundred yards away and headed in his direction. At first, the

victim paid little attention to the truck as it approached. Upon hearing the truck accelerate, however, the victim looked up and saw that the driver of the truck, identified at trial as the appellant, was laughing and was steering the vehicle directly toward him. In an attempt to avoid being hit, the victim leaped into the air, fell onto the hood of the truck, rolled over the left fender, and landed on the ground. After an angry exchange of words, the driver of the truck, attacked the victim and slashed his throat with a knife.

" 'Issues regarding credibility of witnesses must be resolved solely by the jury. [Cit.] In this instance the jury, obviously, chose to believe the state's witnesses.' [Cit.]" *Dumas v. State,* 162 Ga. App. 66 (290 SE2d 180) (1982). After a careful review of the record, we find the evidence adduced at trial, while not without conflict, was sufficient to enable any rational trior of fact to find appellant guilty beyond a reasonable doubt of both counts of aggravated assault with a deadly weapon. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Wade v. State,* 157 Ga. App. 296 (277 SE2d 292) (1981); *Craft v. State,* 158 Ga. App. 745 (1) (282 SE2d 203) (1981). Thus, we find no error in the trial court's denial of appellant's motion for new trial.

2. Error is enumerated upon the trial court's failure to charge the jury on the law of mutual combat. Appellant did not request such a charge and he did not object to the trial court's failure to so charge when given the opportunity to do so. Moreover, the record demonstrates that the trial court charged in the exact language of Code Ann. § 26-902, relating to self-defense and justification. The jury was thereby presented with appellant's primary theory of exculpation. Thus, even assuming that the law of mutual combat was applicable under the evidence in the instant case (see *Langford v. State,* 212 Ga. 364, 366 (1) (93 SE2d 1) (1956)), we find no reversible error in the trial court's failure to so charge the jury. Cf. *Booker v. State,* 157 Ga. App. 872 (1) (278 SE2d 745) (1981).

3. Appellant asserts as error the denial of three separate and distinct motions for mistrial which were interposed at various times during the course of the trial. With respect to the denial of the first two motions, appellant has cited no authority and has presented no argument that the rulings of the trial court were erroneous. Accordingly, appellant's contentions regarding these two motions are deemed abandoned. Code Ann. § 24-3615 (c) (2); *Mincey v. State,* 159 Ga. App. 592 (2) (284 SE2d 94) (1981); *Wilkie v. State,* 153 Ga. App. 609 (1) (266 SE2d 289) (1980).

The third motion for mistrial was made following testimony by the arresting officer. This motion was predicated upon an alleged violation of Code Ann. § 27-1302 (d), providing for the discovery of

the incriminating or inculpatory portions of a defendant's oral, in-custody statements. See generally *Blanchard v. State,* 247 Ga. 415 (4) (276 SE2d 593) (1981). It is urged that the officer's testimony concerned a portion of appellant's oral, in-custody statement which had not been provided to the defense pursuant to Code Ann. § 27-1302. Our review of the record indicates that the portion of the testimony objected to was in fact shown to be "newly discovered evidence" within the provisions of Code Ann. § 27-1302 (e). *Ellison v. State,* 158 Ga. App. 419, 420 (3) (280 SE2d 371) (1981). Accordingly, it was not error to deny appellant's motion for mistrial predicated on an alleged violation of Code Ann. § 27-1302.

4. We find no reversible error in the trial court's charge to the jury on the subject of flight. See generally *Goodrum v. State,* 158 Ga. App. 602 (5) (281 SE2d 254) (1981).

5. Error is enumerated upon the trial court's refusal to charge certain of appellant's requested instructions. Contrary to appellant's contentions, the transcript reveals that the trial court charged Code Ann. § 26-605 verbatim. As to appellant's other requests to charge, "[w]e have reviewed the charge, as given, in its entirety and find it to be full, fair and overall a model of clarity on the issues presented for jury resolution, substantially embodying the principles contained in appellant's request[s]. 'The trial court did not err in refusing to charge the jury in the precise language requested by appellant when the charge given embodied the correct principles of law. [Cits.]' [Cit.]" *Cabaret After Dark, Inc. v. State,* 154 Ga. App. 205, 206 (3) (267 SE2d 843) (1980). Accord, *Fox v. State,* 238 Ga. 387 (2) (233 SE2d 341) (1977).

6. Error is next enumerated upon the trial court's charge as to the form of the verdict. Appellant urges that the jury was not instructed that they could return a verdict of not guilty as to each count of the indictment. This assertion is not supported by the record. In his brief, appellant attempts to enlarge upon this enumeration of error by contending that the trial court's charge as to the form of the verdict was also erroneous because it failed to instruct on the lesser offense of simple assault in connection with count two of the indictment. "This court has no jurisdiction to consider grounds argued in the brief which are not enumerated as error. [Cit.]" *Cassville-White Assoc. v. Bartow Assoc.,* 150 Ga. App. 561, 563 (258 SE2d 175) (1979). See also *Powers v. State,* 150 Ga. App. 25 (5) (256 SE2d 637) (1979). Additionally, it appears from the record that appellant has waived his right to enumerate error upon this portion of the trial court's charge by failing to object when afforded the opportunity or by reserving the right to object on motion for new trial or on appeal. *White v. State,* 243 Ga. 250 (253 SE2d 694) (1979);

*Jackson v. State,* 246 Ga. 459 (271 SE2d 855) (1980). For the aforegoing reasons this enumeration of error is without merit.

7. Appellant contends the trial court erred in denying his oral motion to compel the state to elect as to which of the two counts in the indictment it would proceed. This motion was predicated upon appellant's contentions that the charges against him arose out of the same conduct or transaction and that his acts, if anything, constituted but a single criminal offense.

"An accused may be prosecuted for each crime arising from the same conduct. The proscription is that he may not be convicted of more than one crime if one crime is included in the other. Code Ann. § 26-506." *State v. Estevez,* 232 Ga. 316, 320 (2) (206 SE2d 475) (1974). "A crime is included in another when: '(a) It is established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the crime charged, or (b) it differs from the crime charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission.' Code Ann. § 26-505." *Williams v. State,* 156 Ga. App. 481 (1) (274 SE2d 826) (1980). "Code Ann. § 26-505 (a) sets out the rules for determining included crimes as a matter of fact, and Code Ann. § 26-505 (b) sets out the rules for determining included crimes as a matter of law. [Cit.]" *Stephens v. Hopper,* 241 Ga. 596, 599-600 (247 SE2d 92) (1978).

The victim in the case at bar testified that as he was jogging, appellant ran him down with a truck. Thereafter, appellant and the victim exchanged words. Then, appellant exited the truck and slashed the victim's throat with a knife. "The two crimes charged here were completed one after the other, but are separate and distinct." *Pryor v. State,* 238 Ga. 698, 701 (234 SE2d 918) (1977). "Although occurring sequentially, one after the other, each of these transactions constituted a separate offense since each was established by proof of different facts; i.e., each offense was a completed crime when the next was perpetrated upon the victim. [Cits.]" *Jones v. State,* 161 Ga. App. 620, 622 (1) (b) (c) (288 SE2d 795) (1982). "Under the circumstances of this case, the same conduct is not being punished twice nor is one act included in the other so as to proscribe the separate conviction and punishment for each act. [Cit.]" *Kitchens v. State,* 159 Ga. App. 94, 96 (4) (282 SE2d 730) (1981). This enumeration of error is without merit.

*Judgment affirmed. Quillian, C. J., and Shulman, P. J., concur.*

DECIDED OCTOBER 14, 1982 —
REHEARING DENIED OCTOBER 28, 1982 — ■

G. Hughel Harrison, Samuel H. Harrison, for appellant.
W. Bryant Huff, District Attorney, Gerald W. Brown, Assistant District Attorney, for appellee.