## 65600. WELBORN v. THE STATE.

BIRDSONG, Judge.

Appellant Alton Lee Welborn and a co-defendant entered pleas of guilty to charges of entering an automobile with intent to commit theft. Both defendants requested to be given first-offender status in the sentencing. OCGA § 42-8-60 (Code Ann. § 27-2727); see also *Johnson v. State,* 161 Ga. App. 506 (288 SE2d 366). The co-defendant was given first-offender status and sentenced to two years' probation; appellant was sentenced to two years' confinement. On appeal he contends his sentence is error because the trial court considered inadmissible evidence in the pre-sentence hearing in violation of OCGA § 17-10-2 (Code Ann. § 27-2503). *Held:*

The transcript of the pre-sentence hearing shows that during the brief pre-sentence hearing an unsworn deputy sheriff repeatedly interjected vague statements concerning other criminal activity of appellant in Georgia and that he had "quite a lengthy record" in Indiana. Appellant contends, and it is undisputed, that no such evidence in aggravation was made known to him prior to the hearing, as required by OCGA § 17-10-2 (a) (Code Ann. § 27-2503) for admissibility, and that the disparity in the sentences of appellant and the co-defendant was based upon the illegal evidence. In effect appellant contends that, in view of the disparate sentences, the illegal evidence injected in appellant's case was so prejudicial that it is highly probable that the error contributed to the judgment (*Johnson*

*v. State,* 238 Ga. 59, 61 (230 SE2d 869)), and that the error is not harmless beyond a reasonable doubt. See *Kirkland v. State,* 141 Ga. App. 664 (234 SE2d 133).

Prejudicial and illegal evidence was injected in appellant's sentence hearing and the sentence he received was indeed harsher than that of the co-defendant. But while it is true that "repeated rumors are not authorized at a pre-sentence hearing" (*Pounds v. State,* 136 Ga. App. 852, 853 (222 SE2d 629)), we have uniformly recognized that "There is a presumption, in the absence of a strong showing to the contrary, that the trial judge sifts the wheat from the chaff, ignoring illegal evidence and considering only legal evidence." *Haas v. State,* 146 Ga. App. 729, 732-733 (247 SE2d 507). In this case, the trial judge sustained appellant's objections to illegal evidence whenever such objection was made.

The trial court in rendering sentence is not required to give first-offender status merely because it is requested, even where no previous offense is shown (see OCGA § 42-8-60 (Code Ann. § 27-2727)) but according to the circumstances of the case, including the conduct of the individual defendant in the crime, the trial court may give in its discretion any sentence prescribed by law for the offense. The sentence in this case is supported by the legal evidence in aggravation.

The general presumption that the trial court considers only legal evidence is strengthened in this case by the trial judge's sustaining of objections to illegal evidence, thus sifting it out, and appellant has not borne his burden to show that the trial judge was clearly prejudiced by his exposure to it. *Haas,* supra, p. 733.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED APRIL 6, 1983.

*Winslow H. Verdery, Jr.,* for appellant.
*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.