67181. BERT v. THE STATE.

SHULMAN, Presiding Judge.

Appellant appeals from her conviction of aggravated assault, asserting that she was tried for two crimes, the offense of affray (OCGA § 16-11-32 (Code Ann. § 26-2603)) in the State Court of Sumter County and the offense of aggravated assault (OCGA § 16-5-21 (Code Ann. § 26-1302)) in the Superior Court of Sumter

County, both of which she claims arose out of the same conduct. Since the offense of affray is included in the offense of aggravated assault, appellant contends that the state's prosecution of her on the aggravated assault charge after she had pled guilty to the affray charge violated OCGA § 16-1-7 (Code Ann. § 26-506).

On November 18, 1982, appellant engaged in a fight with Linda Caldwell outside a local disco. After being separated by onlookers, Caldwell returned to the disco and appellant went across the street. Some time later, Caldwell exited the disco and was met by appellant. Another scuffle ensued, but this time appellant was armed with a broken bottle and Caldwell had a knife. Both parties suffered lacerations on various parts of their bodies as a result of the second altercation. A detective obtained affray warrants against appellant and Caldwell based on their first fight, since he was unable at that time to interview both parties regarding their second fracas.

Appellant pled guilty to and was sentenced for the offense of affray on November 24, 1982, in the State Court of Sumter County. On March 1, 1983, appellant was indicted by the Sumter County Grand Jury for aggravated assault stemming from the second fight, and she subsequently filed a plea of autrefois convict (formerly convicted). This plea was consolidated with the main trial by mutual consent and was presented to the jury as a question of fact. The jury returned a guilty verdict and this appeal followed.

1. OCGA § 16-1-7 (Code Ann. § 26-506) provides, in pertinent part, "(a) When the *same conduct* of an accused may establish the commission of more than one crime, the accused may . . . not, however, be convicted of more than one crime if: (1) One crime is included in the other . . ." (Emphasis supplied.) The issue to be considered on appeal is whether the altercation between appellant and Caldwell was in fact two separate confrontations or was a continuance of the same fight. Both parties testified that their encounters were separated by a period of time when Caldwell returned to the disco. Caldwell testified that she remained inside the disco for approximately 45 minutes, but appellant claims she stayed only five minutes. At trial, the court gave the following instruction to the jury: "If you should decide that the State has failed to establish beyond a reasonable doubt that the conduct at issue in this case is not the same conduct that was at issue in the charge of affray on which the defendant·was convicted, then you must return a verdict of previously convicted." The jury apparently believed the state had presented sufficient evidence to authorize it, as the rational trier of fact, to find that the altercation between appellant and Caldwell involved separate incidents and that, as a result, the provisions of OCGA § 16-1-7 (Code Ann. § 26-506) were inapplicable to the present

case. We agree. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). See also *Talley v. State,* 164 Ga. App. 150 (7) (296 SE2d 173). Accordingly, the enumeration of error regarding the above issue is without merit.

2. Appellant also argues that the trial court took the issue of her prior conviction from the jury. A review of the record reveals that appellant's assertion is totally baseless. Through its charge to the jury, the trial court correctly and effectively presented to the jury the issue of whether appellant's prior conviction of the offense of affray barred her subsequent prosecution for aggravated assault.

3. All of appellant's remaining enumerations of error ultimately hinge on a determination that the offenses of affray and aggravated assault arose out of the same incident. As we discussed in Division 1, the jury was correct in its conclusion that the altercations between appellant and Caldwell were two separate incidents. Accordingly, appellant's remaining enumerations of error are without merit.

*Judgment affirmed. McMurray, C. J., and Birdsong, J., concur.*

DECIDED JANUARY 31, 1984.

*Thomas R. McFarland,* for appellant.
*John R. Parks, District Attorney,* for appellee.