## 68554. REYNOLDS v. THE STATE.
(323 SE2d 912)

SOGNIER, Judge.

Reynolds appeals his conviction of criminal issuance of a bad check.

1. Appellant contends the trial court erred by allowing testimony and bank statements into evidence relating to other dishonored checks issued by appellant. The testimony and exhibits were introduced for the limited purpose of showing appellant's state of mind and knowledge that he had insufficient funds in his account to cover the check issued in this case.

Before evidence of independent crimes is admissible two conditions must be met. First, there must be evidence that the defendant was the perpetrator of the independent crime and second, there must be sufficient similarity or connection between the independent crime and the offense charged that proof of the former tends to prove the latter. *Bacon v. State*, 209 Ga. 261 (71 SE2d 615) (1952); *Hamilton v. State*, 239 Ga. 72, 75 (235 SE2d 515) (1977). These two conditions were met, and once the identity of the defendant as the perpetrator of the independent crimes has been proven, testimony concerning the independent crimes is admissible for the purpose of showing identity, motive, plan, scheme, bent of mind, and course of conduct. *Davis v. State*, 249 Ga. 309, 311 (1) (290 SE2d 273) (1982). Although appellant argues there was no evidence that the other returned checks were given for present consideration so as to constitute a crime, it was not necessary that the State prove every element of the commission of the independent crimes as a condition of admissibility. *Tuzman v. State*, 145 Ga. App. 761, 763 (1) (B) (244 SE2d 882) (1978); *Davis*, supra. Where the conditions of identity and similarity are met, as they are here, the evidence is admissible. Id. at 312 (1).

2. Appellant contends it was error to deny his motion for a directed verdict of acquittal because the State did not prove appellant was given a ten-day notice in which to make the check good, as authorized by OCGA § 16-9-20 (a) (2). This enumeration is not supported by the transcript, which discloses that Russ Hinson, the president and general manager of Parks Building Mart to whom the check was payable, testified the company sent appellant a registered letter notifying him his check had been returned for insufficient funds. A

receipt showing delivery of the letter was received by Parks Building Mart. OCGA § 16-9-20 (a) (2) (A) provides that notice by registered mail evidenced by return receipt shall be deemed sufficient and equivalent to notice having been received by the person issuing the instrument. Accordingly, it was not error to deny appellant's motion for a directed verdict of acquittal on the ground stated, and the evidence was sufficient otherwise to meet the standards of proof required by Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590) (1981); *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984).

3. Appellant has presented no argument or citation of authority in support of his fourth enumeration of error. Accordingly, it is deemed abandoned pursuant to this court's Rule 15 (c) (2).

4. Appellant contends it was error for a judge other than the one who heard the case on its merits to impose sentence in this case. In this regard, this case was tried on the merits by one judge, with a jury, and a second judge imposed sentence. The transcript discloses that after the jury rendered its verdict and was excused, the trial judge directed a pre-sentence investigation and stated that he did not know if he or another judge would sentence appellant on December 9th (1983). Appellant made no objection, and it is well settled that this court will not consider questions raised for the first time on appeal. *Scott v. State*, 243 Ga. 233, 234-235 (2) (253 SE2d 698) (1979); *Brooks v. State*, 165 Ga. App. 115, 116 (2) (299 SE2d 167) (1983).

5. Lastly, appellant contends the trial court erred by ordering a pre-sentence report and considering the report in aggravation of the sentence. He argues that before prior convictions or pleas may be used by the State in aggravation of the sentence, they must be made known to the defendant prior to trial.

We agree with appellant that a pre-sentence report can be used as evidence in aggravation, thereby affecting the length of sentence, only if it has been made known to the defendant prior to trial. *Threatt v. State*, 156 Ga. App. 345, 346 (274 SE2d 734) (1980). If the report is to be used only to determine whether to suspend or probate all or a portion of the sentence, it can be used without making it known to the defendant prior to trial. Id.; *Munsford v. State*, 235 Ga. 38, 45 (218 SE2d 792) (1975).

The burden is on appellant to show error affirmatively by the record. *Mash v. State*, 168 Ga. App. 491 (1) (309 SE2d 673) (1983). The only evidence cited by appellant in support of this enumeration of error is that the sentencing judge imposed the maximum sentence. We note that the original sentence was subsequently amended to allow appellant to serve the majority of the sentence under probation. We find no evidence that the sentencing judge considered the pre-sentence report in aggravation of appellant's sentence. In the absence

of any evidence to the contrary, we presume that the sentencing judge considered the evidence properly in imposing appellant's sentence. *Welborn v. State*, 166 Ga. App. 214 (303 SE2d 755) (1983); *Hughes v. State*, 161 Ga. App. 824, 825 (6) (288 SE2d 916) (1982).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 16, 1984.

*Charles W. Smith, Jr.,* for appellant.

*Bruce L. Udolf, District Attorney, Deborah L. Schwind, Assistant District Attorney,* for appellee.