72136. TUTTON v. THE STATE.
(346 SE2d 898)

POPE, Judge.

Defendant David Allen Tutton brings this appeal from his conviction and sentence of burglary. *Held*:

1. Defendant's first three enumerations of error challenge certain portions of the trial court's charge to the jury. However, upon inquiry following the charge, counsel for defendant at trial stated that he had no exceptions to the charge. " 'Where objections are requested, the failure to either object or to reserve the right to later object amounts to a procedural default barring appellate review of the charge.' *Rivers v. State*, 250 Ga. 303, 309 (298 SE2d 1) (1982)." *Leverett v. State*, 254 Ga. 691 (1) (333 SE2d 609) (1985).

2. Defendant's fourth enumeration cites as error the trial court's alleged consideration at sentencing of a previous judgment of conviction and sentence of burglary in Gwinnett County. The record discloses that in aggravation of sentence the State tendered (without objection) evidence of three judgments of conviction and sentence of defendant stemming from a previous three-count indictment for burglary in Cobb County. Apparently because the State was unable to

locate the certified copy of the Gwinnett County judgment, no tender of evidence regarding this matter appears of record. However, the record does disclose that the trial court inquired whether defendant's trial counsel had been served with a copy of the Gwinnett County judgment (counsel believed he had been) and whether the judgment was for one count (no apparent response of record). The trial court based defendant's 20-year sentence (15 to serve, 5 on probation) "upon the Court's hearing of the evidence in the case and the defendant's prior record. . . ."

As defendant correctly points out, the Gwinnett County judgment was never tendered as evidence in this case. Nevertheless, he argues that the "hearsay" concerning the judgment "most probably had an effect upon the court's decision to impose such a lengthy sentence . . . ." We find no merit in this argument. "There is a presumption that sentence was correctly imposed [cit.], and the defendant has the burden of showing wherein the judge erred." *Jones v. State*, 233 Ga. 662, 663 (212 SE2d 832) (1975). Moreover, " '[t]here is a presumption, in the absence of a strong showing to the contrary, that the trial judge sifts the wheat from the chaff, ignoring illegal evidence and considering only legal evidence.' [Cit.]" *Welborn v. State*, 166 Ga. App. 214, 215 (303 SE2d 755) (1983). The sentence in this case is supported by the legal evidence in aggravation, see OCGA §§ 16-7-1 (b) and 17-10-7 (a), and there is no evidence that the trial court did, in fact, consider the Gwinnett County judgment in aggravation of defendant's sentence. See *Reynolds v. State*, 172 Ga. App. 628 (5) (323 SE2d 912) (1984). Defendant has thus not borne his burden of showing error in this regard.

3. Defendant's fifth enumeration assigns error to the imposition of a "vindictive sentence" upon him, "which sentence was not proportionate to the crime charged and was based upon [defendant's] exercising his [state and federal constitutional] rights . . . to have a trial by jury." This enumeration is based upon the fact that defendant's cohort pled guilty and was sentenced to ten years with four to serve; defendant, upon recommendation by the State, was sentenced to twenty years with fifteen to serve after having rejected a plea bargain, proceeded to trial, and been found guilty by a jury. These circumstances, however, provide no basis for reversal of defendant's conviction and sentence. *Thompson v. State*, 154 Ga. App. 704 (5) (269 SE2d 474) (1980). The holding in *Solem v. Helm*, 463 U. S. 277 (103 SC 3001, 77 LE2d 637) (1983), does not require a different result.

4. Defendant's sixth enumeration of error alleges ineffective assistance of counsel. In determining whether there has been actual ineffective assistance of counsel, thereby requiring the reversal of his conviction, defendant must show both that trial counsel's performance was deficient and that this deficiency prejudiced the defense. *Gabler*

*v. State*, 177 Ga. App. 3 (2) (338 SE2d 469) (1985). In support of this enumeration defendant points to trial counsel's failure to object or preserve objections to the charge and also points to certain alleged irregularities in sentencing. As to the allegations regarding sentencing, the holdings in Divisions 2 and 3, supra, show these arguments to be without merit. That is, trial counsel's performance was not deficient for the reasons assigned in regard to sentencing. Pretermitting the issue of whether trial counsel's performance was deficient in his failure to preserve any objections to the charge, we turn to the issue of whether this alleged deficiency actually prejudiced the defense. That is, defendant must show "there is a reasonable probability that the outcome of the proceedings would have been different, but for counsel's unprofessional errors." Id. at 6.

Defendant's first challenge to the charge was the trial court's instruction "that one voluntarily under the influence of alcohol is presumed to intend the legitimate consequences of his act." Defendant argues that this instruction is unconstitutionally burden-shifting, but, when viewed in light of the charge as a whole, this assertion is without merit. *Blankenship v. State*, 247 Ga. 590 (3) (277 SE2d 505) (1981); *Davis v. State*, 161 Ga. App. 344 (2) (287 SE2d 772) (1982). Defendant's second challenge is directed to the trial court's refusal of a portion of a request to charge, viz., "[w]hether intent to commit a felony or a theft is present is usually a jury question, but where, through unconsciousness, drunkenness, or other cause, there can be no intent, this would be a defense to a criminal charge." This proposed instruction "is misleading to the extent that it implies that voluntary intoxication in and of itself may be a defense to a crime, and the trial court did not err in refusing the requested charge." *Gilreath v. State*, 247 Ga. 814, 831 (279 SE2d 650) (1981). Finally, the evidence of record was sufficient to authorize the trial court's charge on flight. See *Jarmello v. State*, 152 Ga. App. 741, 742 (264 SE2d 34) (1979). See generally *Brown v. Matthews*, 79 Ga. 1 (2) (4 SE 13) (1887). It is thus apparent that trial counsel's failure to object or preserve objections to the charge in no way prejudiced the defense. Defendant's assertion of ineffective assistance of counsel is devoid of merit.

5. In light of the holdings in the foregoing divisions of this opinion, defendant's remaining enumerations of error set forth no grounds for reversal.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JUNE 23, 1986.

*Robert Barle Laux*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Assis-*

*tant District Attorney*, for appellee.