76231. DAVIS v. THE STATE.
(367 SE2d 884)

DEEN, Presiding Judge.

Appellant Nathaniel Davis drove to his ex-wife's boyfriend's place of work, ostensibly to talk with the latter. He was waiting in the parking lot adjacent to the work place when the boyfriend, Rhodes, approached afoot. According to the victim and a bystander, Davis made two passes at Rhodes with his automobile in an apparent at-

tempt to run over him. Failing in this attempt, Davis then parked the car, pulled a pistol, and, either just before or just after leaping from his automobile, shot at Rhodes, who by this time was running in the opposite direction. None of the witnesses was certain as to how many shots were fired. The bullets missed, but Rhodes tripped and fell, whereupon Davis overtook his prostrate quarry, aimed the pistol at his head at point-blank range, and pulled the trigger several times. The pistol would not fire.

Davis was arrested, indicted, and tried on three counts of aggravated assault: (1) shooting at another with a pistol, (2) attempting to shoot another with a pistol, and (3) attempting to run over another with an automobile. At trial he denied all charges, asserting that he did not even have a gun. A jury found him guilty on all three counts, and he received three concurrent twenty-year sentences, with eight years to serve and twelve years' probation. After denial of his motion for new trial on the general grounds, Davis appeals, enumerating as error the sufficiency of the evidence and the imposition of separate sentences for counts 1 and 2, which he alleges should have been deemed to have merged. *Held*:

1. Our scrutiny of the record convinces us that the evidence was more than sufficient to authorize the rational trier of fact to find appellant guilty beyond a reasonable doubt of the offenses of aggravated assault with an automobile and with a pistol. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. As to appellant's contention that the two charges involving the use of a pistol referred to acts that were parts of a single transaction and that he therefore could not properly be convicted on both charges, we are in agreement with appellant. The State asserts that the two (or more) instances of shooting at the victim, which occurred within approximately 60 seconds of one another, were not "the same conduct" and that each was proved with different evidence. Careful study of the trial transcript, along with the rest of the record, reveals no such compartmentalization of the evidence. There is a conflict in the testimony as to whether Davis fired the first shot immediately before or immediately after he left his car, but it is undisputed that he shot at least once while giving chase; that he was running only ten feet or so behind Rhodes; and that he overtook him within seconds of the latter's fall and attempted to shoot him in the head. *Talley v. State*, 164 Ga. App. 150 (296 SE2d 173) (1982), is clearly distinguishable in that in *Talley* appellant contended that his attempt to run over the victim with his truck and his subsequent slashing of the victim's throat with a knife constituted a single offense. The court held there that the attempt with the truck was a completed crime when the assault with the knife began. Id. at 153. In the case at bar, the assault with the automobile, according to all the testimony, was

clearly completed (the car had been stopped and placed in "park") before the assault with the pistol began. The evidence adduced would not authorize the jury to conclude that the assault with the pistol was "completed" between the time that appellant fired shots while on the run and the time when he caught up with his quarry and attempted to fire additional shots from a stationary position. Cf. *Jones v. State*, 161 Ga. App. 620 (288 SE2d 795) (1982).

There being error, this case must be remanded to the trial court for expunction from the record of the conviction and sentence on either Count 1 or Count 2.

*Judgment affirmed in part and reversed in part; case remanded with direction. Carley and Sognier, JJ., concur.*

DECIDED MARCH 18, 1988.

*Robert M. Bearden, Jr.*, for appellant.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Assistant District Attorney*, for appellee.