A92A1132. HOGAN v. THE STATE.
(423 SE2d 47)

JOHNSON, Judge.

Willie James Hogan appeals from his conviction of armed robbery and the denial of his motion for a new trial.

1. Hogan first contends that there was insufficient evidence to support the verdict. This contention is without merit.

A convenience store security guard testified that on the night of

the incident he saw Hogan and another man get into the victim's taxi-cab. The victim testified that Hogan and the other man asked him for a ride in his cab. Hogan sat in the back seat and the other man sat in the front passenger seat. As the victim drove, the man in the front seat pointed a .38 caliber pistol at him and told him to pull over. After the victim pulled over, the man took $70 from him. Hogan then reached around from the back seat and frisked the victim. Hogan also yanked the microphone loose from the cab radio. A detective testified that the victim positively identified Hogan from a book of photographs and that a .38 caliber bullet was found on Hogan at the time of his arrest. Reviewing the evidence in the light most favorable to the jury's verdict, we find that a rational trier of fact could have found Hogan guilty beyond a reasonable doubt of armed robbery. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Hogan complains in his second enumeration that the trial court erred in refusing to give his requested charge to the jury on the lesser included offense of theft by taking. "The correct rule is that a written request to charge a lesser included offense must always be given if there is any evidence that the defendant is guilty of the lesser included offense." (Citation and punctuation omitted.) *Walton v. State*, 201 Ga. App. 118, 119 (410 SE2d 339) (1991). Hogan's sole defense was that he denied being in the victim's cab at the time of the incident. Thus, the evidence showed that Hogan either participated in an armed robbery or that he did nothing at all. There is no evidence that Hogan merely committed a theft by taking. "Although both robbery and theft by taking have been held to be lesser included offenses of armed robbery, it is not necessary to charge on the lesser included offense where the evidence demonstrates completion of the greater offense." (Citations and punctuation omitted.) *Belcher v. State*, 201 Ga. App. 139, 141 (4) (410 SE2d 344) (1991). As the evidence in this case demonstrated that Hogan either completed an armed robbery or that he was not present at the scene of the crime, the trial court did not err in refusing to charge the jury on theft by taking.

3. Hogan's final argument is that the trial court erred in failing to charge the jury that its verdict must be unanimous. At the outset, we note that the record on appeal shows that the court polled the jurors, upon Hogan's request, after receiving their verdict. The record contains no indication that the jury's verdict was not unanimous. Furthermore, Hogan made no request, either written or oral, that the court give a charge to the jurors that their verdict must be unanimous. "It is not error for the trial court in the absence of a written request to fail to charge that a jury verdict must be unanimous. [Cit.]" *Smith v. State*, 161 Ga. App. 240, 241 (3) (288 SE2d 304) (1982). Moreover, although the trial judge never used the word "unanimous" in his jury instructions, we find that the judge did in-

form the jurors that the verdict must be unanimous where he told them, "One of your first duties in the jury room will be to select one of your number to act as foreperson, who will preside over your deliberations, who will sign the verdict to which all twelve of you freely and voluntarily agree." See *Mulligan v. Kemp*, 818 F2d 746, 748 (5) (11th Cir. 1987). Although the preferred method for charging the jury is to give the pattern jury instructions, which contain a clear statement that the verdict must be unanimous, we must find that under the circumstances of this case the trial court committed no error.

*Judgment affirmed. Carley, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 29, 1992.

*Charles R. Sheppard*, for appellant.

*Michael C. Eubanks*, District Attorney, *Richard E. Thomas, Barbara A. Smith*, Assistant District Attorneys, for appellee.