## A95A1903. SINCLAIR v. THE STATE.
### (467 SE2d 190)

McMurray, Presiding Judge.

Defendant was charged, via a multi-count indictment, with committing the offenses of terroristic threats and acts, felony obstruction of a law enforcement officer, simple battery and simple assault. The State entered a nolle prosequi with regard to the simple battery charge and brought defendant before a jury on the remaining charges, proving (at trial) that defendant was arrested while he was on a drunken rampage at a low-income trailer park in Cobb County, Georgia. In response to undisputed proof that he violently resisted arrest, defendant testified that he was voluntarily intoxicated at the time and that he only remembers "waking up in the county jail strapped down to a chair." Officer Rhett Teague of the Cobb County Police Department gave details of defendant's arrest, testifying as follows:

"I had just pulled in the front, the Atlanta Road side of the trailer park. . . . I looked down a drive, and I saw a group of people. There was some kind of activity going on down there, and there was a white Porsche that caught my eye. So I decided to drive down through there. As I did the Porsche drove off, and as I got within feet of that area, I heard somebody yelling, and I looked and I saw [defendant] Sinclair come out from behind a red Chevy Chevette. I heard him hollering, I'll kill you. . . . And he raised his fist in the air, and he charged a black gentleman that was standing maybe 10, 15 feet away from him. I jumped out of the car. I didn't have time to get on the radio. I jumped out of the car, and I grabbed [defendant] Sinclair from behind, around his arms like this (indicating), and was telling him that he was under arrest, and to stop resisting. He initially broke free, and with his right elbow tried to come back on me, and I sidestepped, and I did what I call a full nelson. His arms were in the air. I went up behind and over his head and got him in a full nelson, and I drove him down to the ground. I continued to tell him to stop resisting, and at that point he was — he just started yelling, I'll get you. I'll get you. And he was still physically resisting. I wasn't going to let go. So I was kind of riding him like a bucking bronco, and I could see people gathering in my peripheral vision, and I hollered for

somebody to open the back seat of my patrol car. And as soon as the door came open I brought him up from the ground, and he started kicking, and he kicked me about the feet and the ankles. Then I just shoved him, and I drove him into the back seat of the car. I was still telling him several times to stop resisting. I didn't want to hurt him. And he kept flailing, and I finally went in on top of him in the back seat. With my open hand I popped him a couple of times in the back of the head, and he threw back with his left arm, and when he did I caught it, and I cuffed that left arm, got on the radio, advised radio that I was in a fight at Allgood, and then I was able to get his other hand handcuffed, and I backed out of the car, and I slammed the door. By this time Officer Kendrick and [Officer] Dong drove up, and then Sergeant Sparks showed up on the scene, and while we were getting the information [defendant] Sinclair was screaming and hollering, I couldn't tell what he was saying, and he was beating his head against the windows in the back seat, and we made a decision to keep him from hurting himself, and from damaging the police vehicle, to take him out, and we hog-tied him. And when I opened the door up I told him what we were going to do, and he again started kicking, and, of course, we hog-tied him. [That is to say, we] cuffed [his] legs, and then restrained [his] hands and [his] feet together so that [he could not] maneuver around."

The jury found defendant guilty of felony obstruction of a law enforcement officer, but not guilty of simple assault and committing terroristic threats and acts. This appeal followed the denial of defendant's motion for new trial. *Held*:

1. Defendant first contends the trial court's failure to give his requested jury instruction with regard to voluntary intoxication, along with the trial court's charge on voluntary intoxication, "created an unconstitutional burden shift as to intent, under *Sandstrom v. Montana*, 442 U. S. 510, (99 S. Ct. 2450, 61 L. Ed. 2d 39) (1979)." Specifically, defendant cites *Davis v. State*, 161 Ga. App. 344 (287 SE2d 772), arguing that the trial court should have charged the following requested instruction in order to cure the trial court burden-shifting charge on voluntary intoxication: "If, the influence of alcohol, (*drugs, or narcotics*,) impairs a person's mind to the extent that the person is not able to form an intent to do the act charged, that person would not be criminally responsible for the act." This enumeration is without merit.

Defendant's argument, as was our holding in *Davis v. State*, 161 Ga. App. 344, 345 (2), supra, is premised upon the fact that the trial court's jury instruction on voluntary intoxication was impermissibly burden-shifting. The difference in the case sub judice, however, is that the trial court's instruction is not so tainted. Indeed, the format and substance of the trial court's charges pertaining to the State's

burden of proving intent, beyond a reasonable doubt, and voluntary intoxication are substantially the same as in *Bright v. State*, 265 Ga. 265, 277 (3) (455 SE2d 37), where the Georgia Supreme Court held that the trial court instruction on voluntary intoxication, "coupled with the standard instruction on the state's burden of proving the defendant acted with the requisite intent, informs a jury that if the state has proven intent, the defendant cannot be excused from his conduct based upon his voluntary intoxication. See [*State v. Erwin*, 848 SW2d 476, 485 (1993)] (dissenting opinion)." (Footnote omitted.) *Bright v. State*, 265 Ga. 265, 277 (3), supra. Under these and other circumstances in the case sub judice, we find that the trial court did not err in failing to charge defendant's requested instruction on voluntary intoxication. See *Sydenstricker v. State*, 209 Ga. App. 418, 419 (2) (433 SE2d 644).

2. Next, defendant contends the trial court erred in failing to give his requested instruction on the lesser included offense of misdemeanor obstruction of a law enforcement officer.

"The misdemeanor obstruction offense does not contain the element of 'violence' as does the felony offense. *Williams v. State*, 196 Ga. App. 154, 156 (1) (395 SE2d 399). However, under the evidence presented at trial [in the case sub judice] any obstruction of the officers[, particularly Officer Teague,] was by means of 'violence,' and defendant was either guilty of the felony or innocent of any crime. Under these circumstances the trial court did not err in refusing to charge on misdemeanor obstruction [of a law enforcement officer]. *Coker v. State*, 207 Ga. App. 482, 484 (4) (428 SE2d 578); *Dickerson v. State*, 207 Ga. App. 241 (1) (427 SE2d 591); *Hogan v. State*, 205 Ga. App. 637, 638 (2) (423 SE2d 47); *Love v. State*, 194 Ga. App. 601, 603 (4) (391 SE2d 447)." *Drew v. State*, 211 Ga. App. 688, 689 (440 SE2d 82).

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JANUARY 10, 1996.

*Deville & Milholin, Roman A. Deville, Jeremy I. Stein*, for appellant.

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Thomas A. Cole, Assistant District Attorneys*, for appellee.