*Spencer Lawton, Jr., District Attorney, Larry Chisolm, Assistant District Attorney*, for appellee.

■■■■■■

A06A1230. COLLINS v. THE STATE.
(636 SE2d 32)

MILLER, Judge.

Following a bench trial, Jonathan Allen Collins was convicted of possession of methamphetamine in violation of OCGA § 16-13-30 (a). Collins claims that the trial court erred in denying his motion to suppress evidence seized in an allegedly unlawful search and in refusing to treat him as a first offender at sentencing. We discern no error and affirm.

In January 2005, a Houston County police officer was patrolling the parking lot of a store in Haynesville that had closed for the night when he noticed a truck with expired tags parked near a pay phone. Collins, who was a passenger in the truck, had been arrested five months earlier for various offenses, including felony murder, related to an explosion in a methamphetamine lab. After spending several months in jail, Collins was granted bond, which required him to wear an ankle monitor and remain at his home in Perry. Collins was subject to these bond requirements on the night that the Houston County police officer found him in a truck parked in Haynesville.

The officer first made contact with the truck's driver, David Gilliam, and discovered that Gilliam's license was suspended. After arresting Gilliam for driving with a suspended license, the officer conducted a search of Gilliam that produced drug paraphernalia and a bag of methamphetamine.

The police officer then waited for backup to arrive before subjecting Collins to a more thorough investigation. Two of the backup officers who arrived at the scene were aware of Collins' prior arrest on methamphetamine charges and the conditions of his release on bond. The backup officers conducted a pat-down search of Collins and asked him to remove his shoes. The officers discovered two bags of methamphetamine hidden inside one of the shoes.

After finding Collins guilty of possession of methamphetamine, the trial court denied his request to be treated as a first offender and sentenced him to six years, with a requirement to serve one year in prison.

1. Collins claims that the methamphetamine found in his shoe was discovered as the result of an unlawful search and that the trial court erred in denying his motion to suppress. We disagree.

"When reviewing a trial court's decision on a motion to suppress, this court's responsibility is to ensure that there was a substantial basis for the decision." (Citation and footnote omitted.) *Sikes v. State*, 247 Ga. App. 855, 856 (1) (545 SE2d 73) (2001). "[W]here[, as here,] the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." *Vansant v. State*, 264 Ga. 319, 320 (1) (443 SE2d 474) (1994).

Pretermitting whether the search of Collins' shoes could be considered part of a *Terry* pat-down search, which is authorized when the officer reasonably believes that it is necessary to protect him from attack (see *State v. Brown*, 273 Ga. App. 148, 150 (2) (b) (614 SE2d 250) (2005)), the search of Collins' shoes was proper even if it is viewed as a search incident to arrest requiring probable cause. See *State v. Devine*, 276 Ga. App. 159, 161 (622 SE2d 854) (2005).

Here, the testimony revealed that the officers who searched Collins were aware of his prior arrest following the explosion at a methamphetamine lab and were aware that he was currently subject to bond requirements related to such arrest. Since Collins was stopped in Haynesville with Gilliam, who had a suspended license and was carrying methamphetamine, Collins was in violation of his bond, which required him to remain at his home in Perry. Since the officers had probable cause to arrest Collins and search him incident to that arrest, the trial court did not err in denying Collins' motion to suppress. See *Devine*, supra, 276 Ga. App. at 161 (trial court erred in granting motion to suppress where officers had probable cause to arrest defendant at the time they searched his person and jacket).

2. Collins also claims that the trial court erred in refusing to sentence him as a first offender under OCGA § 42-8-60. A sentencing judge is not required, however, to give first offender status merely because it is requested, even where no previous offense is shown. *Welborn v. State*, 166 Ga. App. 214, 215 (303 SE2d 755) (1983). Instead, the trial court, after considering the circumstances of the case, "may give in its discretion any sentence prescribed by law for the offense." Id.

Here, Collins was arrested for possession of a controlled substance while he was out on bond on charges related to the explosion of a methamphetamine lab. The trial court could properly consider Collins' indifference to both the terms of his bond requirements and the underlying charges against him in its decision regarding whether or not to treat him as a first offender. As a result, the trial court did not err in declining to sentence Collins under the first offender statute.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED AUGUST 4, 2006 —
RECONSIDERATION DENIED AUGUST 23, 2006 —

*Bennett T. Willis, Jr., Holly M. De Rosa*, for appellant.
*Kelly R. Burke, District Attorney, Timothy M. Marlow, Assistant District Attorney*, for appellee.